ELIAS BLISS *v.* HIRAM C. MCINTYRE AND OTHERS.

If a lessee fraudulently alter his lease in a material part, subsequent to its execution, he thereby destroys all his future right under the lease, either to retain the possession of the premises, or to preclude the lessor from re-entering upon them.

And if the lessor, in such case, enter upon the premises and demand possession, and he is afterwards forcibly prevented by the lessee, or those who act under him, from exercising acts of ownership upon the premises, he may sustain therefor an action of trespass *quare clausum fregit*.

And whether such alteration of the lease has been made by the lessee is a question of fact, to be determined by the jury.

TRESPASS *quare clausum fregit*. Plea, the general issue, and trial by jury,—REDFIELD, J., presiding.

On trial it appeared, that the plaintiff, on the first day of May, 1844, was the owner of the premises described in his declaration, consisting of a clothier's shop, dwelling house and out buildings, and that on that day he conveyed them by deed to one Johnson, and delivered to him the possession ; that Johnson contiued to occupy the premises under the deed until the fourteenth day of August, 1844, when he re-conveyed the premises to the plaintiff and took from him a lease of the premises for the term of nine years, reserving rent, and continued in possession of the premises, under the lease, until the twenty first day of October, 1844. The plaintiff claimed, that the lease, as executed, contained a clause, securing to him the right of re-entry upon the premises, in case of non-performance by Johnson of certain stipulations in the lease, and that that clause had been erased by Johnson, without the knowledge or consent of the plaintiff. The erasure was apparent upon the lease ; but it was claimed by the defendant, that it was made before the lease was executed. At the time Johnson purchased the premises, there was a quantity of wood in the shed, fitted for the fire, which he was to have, and which he continued to use, until the time last named. About that time (October 21, 1844,) a controversy arose between the plaintiff and Johnson in regard to the wood and the erasure in the lease ; and the plaintiff made an entry

Bliss *v.* McIntyre et al.

upon the premises and demanded possession, on the ground of the alleged erasure and also for the alleged reason, that he had been denied the rights secured to him by the stipulations contained in the erased clause; but Johnson refused to surrender the possession. The plaintiff then demanded the wood, on the ground that it was re-sold to him, with the premises; but Johnson refused to surrender it, claiming that it was agreed that he should retain it, notwithstanding the re-conveyance of the premises. The plaintiff then entered upon the premises, for the purpose of obtaining the wood, and succeeded, after some resistance, in carrying away one load; but, while he was gone, Johnson and others, among whom were the defendants, fastened the gates, so as to prevent the plaintiff from coming again upon the premises, and in so doing necessarily dug up the soil and destroyed some of the shubbery; and this was the trespass of which the plaintiff complained. Johnson had been, and then was, in exclusive possession of the premises, except as above mentioned in regard to the plaintiff's entry.

Upon these facts the county court instructed the jury, that the plaintiff was not entitled to maintain this action; to which decision the plaintiff excepted.

*Heaton & Reed* and *C. W. Prentiss* for plaintiff.

1. A deed, or any other written instrument, becomes void by a fraudulent erasure by the party claiming the benefit of it. 4 Com. Dig. 294. Shep. Touch. 69. *Masters et al.* v. *Miller*, 4 T. R. 320. *Hunt* v. *Adams*, 5 Mass. 358. *Martendale* v. *Follet*, 1 N. H. 95, and cases cited.

2. If the deed was made void by Johnson's alteration of it, he can show no legal title to the premises. He cannot offer in evidence his forged lease. He becomes a mere tenant at will, or sufferance. *Chesley* v. *Frost*, 1 N. H. 145. *Babb* v. *Clemson*, 10 S. & R. 419. *Wethers* v. *Atkinson*, 1 Watts 236. *Newell* v. *Maybury*, 3 Leigh. 250. Dyer 262 *a*.

3. Then the plaintiff's entry for that purpose deprived Johnson of even the right of possession, and gained an actual possession for himself. And, after that, Johnson was upon the premises but as a trespasser, and all his acts upon the premises were trespasses. *Butcher* v. *Butcher*, 14 E. C. L. 59. *Campbell* v. *Proctor*, 6 Greenl. 12.

*O. H. Smith* and *L. B. Peck* for defendants.

1. The plaintiff did not offer to prove, that the alteration, or erasure, was made in fact after the execution and delivery of the lease; and if it had been fully proved, we insist, that it would not have given the plaintiff a right to re-enter. If Johnson had destroyed the lease, it would have been good for one year. 23 Pick. 231.

2. Admitting that the plaintiff would have a right to treat the lease as void and the tenant as a mere tenant *at will*, still, if he treated the lease as in force, and claimed to enter by virtue of stipulations therein contained, (as it appears he did,) the latter proceedings would amount to a waiver of the former; and in that case it would be incumbent upon the plaintiff to show that Johnson had failed to perform the stipulations. Chit. on Cont. 741 (n.)

3. We deny, that it is a legal presumption, from the mere fact that there is an apparent erasure, that the erasure was made after the execution of the instrument. It is a question for the jury, whether the alteration was made before or after the execution of the instrument, and whether made with or without the assent of the adverse party. *Cumberland Bank* v. *Hall,* 1 Halst. 215. *Bayley* v. *Taylor,* 11 Conn. 531. *Hefflefinger* v. *Shute,* 16 S. & R. 44. 1 Nott & McCord, 554. *Barrington* v. *Bank of Washington,* 14 S. & R. 405. *Wilkins* v. *Caulks,* 5 Har & J. 36. *Smith* v. *Farmer,* 1 Gal. 170. *Penny* v. *Corwith,* 18 Johns. 499. *Nazro* v. *Fuller,* 24 Wend. 374.

4. Even if the lease were rendered void, by reason of the erasure, and the plaintiff had a right to the possession of the premises, still, as it appears that Johnson refused to surrender the possession under a claim of right, his possession would thereby become adverse, and the plaintiff's only remedy would be by action of ejectment. *Bakersfield Cong. Soc.* v. *Baker,* 15 Vt. 119. Chit. on Cont. 786. *Robinson* v. *Douglass,* 2 Aik. 364.

The opinion of the court was delivered by

WILLIAMS, Ch. J. In this case the court decided, upon the evidence, that the plaintiff was not entitled to recover. It appears to us, that the case should have been submitted to the jury; and, if the facts were as claimed by the plaintiff, he was entitled to recover.

There was apparent, on the lease executed by the plaintiff to Johnson, a material alteration and erasure; by which the estate of Johnson was enlarged. The right of the plaintiff to re-enter was erased, and the situation of the grantor and grantee was materially changed. If this alteration and erasure were made by Johnson, under whom the defendants acted, the plaintiff had a right to recover; and whether it was so altered by him is a question which should have been submitted to the jury.

The plaintiff claimed a right to re-enter, on being denied the rights secured to him by the stipulations in the lease. These rights were secured to him by that clause in the lease, which is erased. In this view, alone, it was important to have that fact passed upon by the jury.

But, moreover, if this erasure was made by Johnson, it destroyed all his future rights under that lease. And although it might not divest an estate already vested, and might not have operated on his acts committed before the alteration was made (questions, however, which are not now to be decided) *in odium spoliatoris* he must be considered as having destroyed the evidence of his title fraudulently and thereby lost all his subsequent claim under and by virtue of the same, either to retain the possession, or preclude the plaintiff from entering on the premises leased.

In the case of *Chesley* v. *Frost*, 1 N. H. 145, it was decided, that, if a grantee in possession fraudulently make a material alteration in a deed, he cannot avail himself of such deed in evidence, nor supply it by parol proof,—limiting its effect prospectively, so as not to divest an estate already vested. In *Withers* v. *Atkinson*, 1 Watts 236, such an alteration was held to destroy the deed, as to the party altering it, and to deprive him of all benefit from the covenants,—treating it as in the case in New Hampshire. And in *Lewis* v. *Paine*, 8 Cow. 71, it was said, that, if a party have no other evidence but an altered deed, he cannot recover thereon, having by his own act destroyed the evidence of his demand. The principle recognized in these cases we think is correct, and would have had a decisive effect in this case against the defendants, if it had been established by the evidence.

Again, the plaintiff had a right to enter and take away the wood, if it was sold to him by Johnson, as he contended. If the plaintiff

had a right to  enter  in  consequence of  Johnson  having  failed  to
perform  the  stipulations  in  the  lease,  as it apparently was before the
alteration, or to take the wood, if it was sold to him, or if Johnson
had destroyed  the evidence, under which  he  first entered into pos-
session,  so that the defendants  could not avail themselves of  it, the
defendants were trespassers in turning the plaintiff out of possession
and fastening gates and doors against him.    These facts could alone
be  found  by  the  jury;  and  the  court  erred  in  deciding  that  the
plaintiff was not entitled to recover, without submitting the question
to the jury.

The judgment of the county court is therefore reversed.