## HOLLINGSWORTH v. HOLBROOK et al.

1. **Chattel Mortgage**: FRAUDULENT ALTERATION: EFFECT. The fraudulent and material alteration of a chattel mortgage by the holder thereof, before he has taken possession of the property, by writing therein the description of property not conveyed nor intended to be conveyed thereby, renders the instrument void; and where the holder of such a void instrument seized the mortgaged property thereunder for the purpose of foreclosure, the seizure was wrongful, and the mortgagor was entitled to recover the property in an action of replevin. Where an instrument of conveyance has fully accomplished the purpose for which it was executed before the alteration is made, it would *seem* that the interest it transferred would not be affected thereby; but such is not the case where the mortgagor of chattels retains possession of them. (See opinion for citations.)

2.  **Agency:** FRAUD OF AGENT IMPUTED TO PRINCIPAL. Where an agent was given full power and unlimited discretion in securing a debt due to the principal, and the agent, in the exercise of such power and discretion, took a chattel mortgage to secure the debt, and after its execution and delivery to him he fraudulently inserted therein the description of property not conveyed by the mortgage as given, *held* that, though in committing the fraud the agent exceeded the limits of his authority, and acted without the knowledge or consent of the principal, yet the principal was bound thereby as if it had been his own act, and that the alteration avoided the mortgage in his hands. (See opinion for citations.)

3.  **Instructions:** AS TO MERE TECHNICAL DEFENSES. Where the jury was instructed as to all the issues raised by the pleadings concerning which there was any dispute, no prejudice could have resulted to defendants from the omission of the court to instruct in regard to the defense technically presented by a general denial.

*Appeal from Webster District Court.*—HON. S. M. WEAVER, Judge.

FILED, MAY 19, 1890.

ACTION to recover the possession of specific personal property. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendants appeal.

*R. M. Wright,* for appellants.

No appearance for appellee.

ROBINSON, J.—The petition alleges that plaintiff is the owner of a Buckeye power and grinder, a Hocking Valley corn-sheller, one cow, and a "two and one-half inch Studebaker wagon," and entitled to the immediate possession thereof ; that the property described was wrongfully taken from his possession by defendant John Holbrook, by direction of defendant B. M. Halstead, under a pretended chattel mortgage purporting to have been executed by plaintiff, and is wrongfully detained by them ; that the pretended mortgage was never executed by plaintiff, and is a forgery, and void. Judgment for the property is demanded. The answer contains a general denial, modified by the admission that

the property described in the petition was detained by defendants when the suit was brought, and that it was taken by defendants at the time alleged under a chattel mortgage executed by plaintiff to one H. F. Halstead, and owned by defendant B. M. Halstead. For a second defense the answer alleges that, on the twenty-third day of April, 1888, plaintiff, being indebted to said B. M. Halstead, made to H. F. Halstead his promissory note, and a chattel mortgage to secure the same, which covered the property described in the petition; that, after the maturity of the note, it was wholly unpaid, and was delivered with the mortgage to defendant Holbrook for collection; that the property was taken for the purpose of foreclosing the mortgage, and held until the commencement of this action; and that the interest of defendants in the property is measured by the amount due on the mortgage debt, and certain costs which accrued in the attempted foreclosure. For a further defense the answer avers that the mortgage was made to H. F. Halstead, but for the use and benefit of defendant B. M. Halstead, and that the indebtedness secured thereby is *bona fide*, and wholly unpaid; that if, after the execution of the mortgage, it was in any manner altered, the alteration was the work of a stranger, and was a mere spoliation, and in no manner affected the validity of the instrument. The reply admits that plaintiff executed a chattel mortgage to H. F. Halstead on the date named which included the property described in the petition, excepting the wagon, but alleges that, after it was delivered, it was fraudulently altered, without the knowledge or consent, and against the will, of plaintiff, by the insertion of the description of the wagon; that the alteration was made, as plaintiff believes, by one D. W. Halstead, who, as agent for the mortgagee, drew and accepted the mortgage; that plaintiff never knew of, nor assented to, the alteration; that it was fraudulent, and made for the purpose and with the intent to defraud; and that it rendered the mortgage void. Other averments of the pleadings need not be set out.

I. There was evidence which authorized the jury to find that the description of the wagon was inserted in the mortgage in controversy after it was executed and delivered, without the knowledge of the plaintiff; that he has never assented to nor ratified the alteration; and that as to him it was fraudulent. But appellant contends that the estate created by the mortgage could have been conveyed without it; hence that, although the fraudulent alteration of the mortgage after delivery may have had the effect to destroy the instrument, yet it did not operate to reinvest the plaintiff with the estate which had been transferred to the mortgagee. The authorities are not entirely in harmony as to the effect which should be given to the fraudulent alteration of an instrument of conveyance. Where such an instrument has fully accomplished the purpose for which it was executed before the alteration was made, we think the interest it transferred would not be affected by it. *Woods v. Hilderbrand*, 46 Mo. 284; *Hatch v. Hatch*, 9 Mass. 307; 1 Am. & Eng. Cyclop. Law, 502; 1 Greenl. Ev., sec. 568; *Chessman v. Whittemore*, 23 Pick. 231; *Kendall v. Kendall*, 12 Allen, 92. But the authorities recognize a difference between covenants which are executed and those which are executory. A fraudulent and material alteration of an instrument of conveyance will destroy the right of recovery on its executory covenants. In this case the mortgage conveyed to the mortgagee an interest in the property described in the mortgage at the time of its delivery, and the right to the possession thereof. *Gordon v. Hardin*, 33 Iowa, 550; Code, sec. 1927. But the interest thus acquired was not the unqualified and absolute ownership. *Kern v. Wilson*, 73 Iowa, 490. Possession of the property was not in fact taken until after the alleged alteration was made. The right to take possession, and to sell the property and pay the mortgage debt, depended upon the covenants of the mortgage. If the alteration in question destroyed those covenants.

*Marginal note: 1. CHATTEL mortgage: fraudulent alteration: effect.*

it necessarily terminated the right of the mortgagee to the remedy which they provided. To say that the mortgagee acquired a vested right to that remedy when the mortgage was delivered, which could not be affected by its subsequent alteration, would be to say that such alteration, however fraudulent and material, would be without effect. It is clear that a rule of that kind would encourage fraud, and be in conflict with the authorities. It has been held that the fraudulent alteration of negotiable paper will prevent a recovery for the original consideration. *Woodworth v. Anderson*, 63 Iowa, 503. In the case of *Ransier v. Vanorsdol*, 50 Iowa, 130, the right of the vendee, who had taken possession of personal property under an altered bill of sale, to retain the proceeds, was sustained ; but it does not appear that the alteration was fraudulent, and the conclusion of the court seems to have been founded upon the fact that the vendee did not ask any affirmative relief based upon the bill of sale. Other facts also distinguish that case from this. We conclude that, if plaintiff's claim in regard to the alleged alteration be correct, defendants had no right to take possession of any of the property in controversy under the mortgage in question ; for the insertion of the description of the wagon without the knowledge or consent of the mortgagor could not have been otherwise than fraudulent.

II. The evidence shows that the mortgage in controversy was drawn and taken by D. W. Halstead;

2. AGENCY: fraud of agent imputed to principal.

that the description of the wagon was written in the mortgage by him ; and that, when the mortgage was executed and delivered, he acted as the agent of its owner. He claims that the description in question was in the mortgage when it was executed by plaintiff. The fifth paragraph of the charge is as follows : "If, however, you find from the evidence that the property mortgaged was originally purchased by plaintiff from D. W. Halstead, and that all transactions in relation thereto, including the giving of the notes and securing the same, were had

with D. W. Halstead, and that defendant B. M. Halstead intrusted the whole matter of renewing and securing the notes to D. W. Halstead, both as to time of extension and the kind and amount of security to be obtained, and that, after obtaining said mortgage, said D. W. Halstead fraudulently and wrongfully made the alleged alteration therein, then said D. W. Halstead was so far the agent of said B. M. Halstead that his said wrongful and fraudulent act will avoid the entire instrument; and if you find such to be the fact, the plaintiff will be entitled to your verdict for all the property." Appellants make numerous objections to the paragraphs quoted, the most important of which is, in effect, that it makes the owner of the mortgage responsible for the act of the agent in making the alteration, even though in so doing he acted without her knowledge or consent, and not within the scope of his agency. The case of *Bigelow v. Stilphen*, 35 Vt. 521, is especially relied upon by appellants as supporting their claim. We think the paragraph in question was substantially correct, as applied to the facts in this case. The agent was not restricted by the terms of his agency as to the security he might take. He was authorized to act upon his own judgment, and take such security as he thought best. In performing the duties assigned him, if the claim of plaintiff be true, he made a fraudulent alteration of the mortgage. In doing so, he did not act for himself, nor for the mortgagor, but for his principal. It may be conceded that such alteration was not contemplated by his instructions as agent, but it was not forbidden, and it operated as a legal fraud upon plaintiff. It was in the line of his agency, and because of it. Mechem, Ag., sec. 739; *Reynolds v. Witte*, 13 S. C. 5. When the owner of the mortgage received it from the agent, she took it subject to all defects and defenses which the acts of her agent caused or authorized, and the fact that she did not know of them is immaterial. *Eadie v. Ashbaugh*, 44 Iowa, 519;

*Farrar v. Peterson,* 52 Iowa, 420. In the case of *Hunt v. Gray,* 35 N. J. Law, 227, the owner of a promissory note intrusted it to an agent for the purpose of having it discounted. The bank to which it was presented refused to discount it unless a material addition was made to it. The agent made the desired change without the knowledge of his principal, and the note was discounted. It was held that authority to alter the note could not be inferred from the circumstances stated, and that the act of the agent in making it was as the act of a stranger, and did not invalidate the note. The alteration was not made with any fraudulent intent, and was clearly not within the scope of the agent's authority, as he was given no discretion in that respect. So far as the rule announced in *Bigelow v. Stilphen, supra,* conflicts with the conclusions we have stated, it appears to us to be not only unsafe, but contrary to established legal principles.

III. Appellants complain that the defense presented by the general denial of the answer was ignored in various portions of the charge. They insist that the title of plaintiff to the property in controversy was put in issue by such denial, and that, since he could recover only on the strength of his own title, the issue thus raised should have been submitted to the jury. It is shown by the pleadings and evidence, beyond question, that plaintiff is the owner of the property, unless defendants hold some adverse interest by virtue of the mortgage in controversy. The jury were instructed as to the issues raised by the pleadings concerning which there was dispute. Hence no prejudice could have resulted to defendants from the omission of the court to instruct in regard to the defense technically presented by the general denial.

3. INSTRUCTIONS : as to mere technical defenses.

IV. Counsel for appellants discuss numerous other questions, which need not be referred to in detail. It is sufficient to say that we have examined the questions so presented with care, and conclude that

the record discloses no error prejudicial to appellants. The charge to the jury, considered as a whole, was fair, and not of a nature to mislead or be misunderstood. The judgment of the district court is

AFFIRMED.