GEORGE H. CHURCHILL AND JENNIE M. CHURCHILL *v.* FORD

CAPEN.

Special Term at Rutland, November, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ

Opinion filed January 4, 1911.

*Reformation of Instruments—Pleadings—Remedy—Deeds—Alteration—Effect—Defence—Injunction—Restraining Actions at Law—Adequacy of Remedy at Law.*

A court of equity will reform a written instrument when it fails to express the real agreement between the parties either because of mutual mistake, or because of the mistake of one of the parties accompanied by the fraudulent knowledge and procurement of the other party.

Restorative remedies are those by which a party is restored to the full enjoyment of the right, property, or estate to which he is entitled, but which enjoyment has been hindered, interfered with, or prevented by a wrong-doer.

Where a bill in equity by a grantor against a grantee to reform a deed alleges alterations therein fraudulently made by the grantee after delivery and without the knowledge of the grantor, but has no prayer for the restoration of the deed to its original condition, nor that it be declared void on account of the alterations, nor for general relief, and a case warranting reformation is not made, the court cannot, without amendment of the bill, decree that the deed be restored to its original condition.

A fraudulent alteration of a deed in a material part, made by the grantee after its execution and delivery, and without the grantor's consent, renders the deed void from the time of alteration.

Where a grantee fraudulently alters a deed after its execution and delivery and without the grantor's consent, the title is not thereby reinvested in the grantor, but such alteration will defeat an action at law by the grantee, or one claiming under him, on the covenants in the deed.

And in such action at law such alteration may be given in evidence under the plea of *non est factum*, if the deed is declared upon in its altered form, because at the time of the plea the deed is not the grantor's deed; but if the deed is declared upon in its original form, it should seem that the alteration should be specially pleaded, for in that case the defence is more in the nature of confession and avoidance.

Where a deed had been fraudulently altered in a material part by the grantee

after delivery, and thereafter he sued the grantor for a breach of the covenants therein, a court of equity will not permit the grantor to amend his bill, in a suit to reform the deed and restrain the action at law, by adding a prayer for the restoration of the deed to its original form, where the only ground alleged why that relief should be granted is that without it the grantor cannot successfully defend the action at law.

APPEAL IN CHANCERY.    Addison County.    Heard at Chambers on June 9, 1910, on the pleadings, master's report, and defendant's exceptions thereto, *Taylor*, Chancellor. Decree for the orators "in accordance with the prayer of the bill". The defendant appealed. The opinion states the case.

*Thomas W. Moloney* for the orators.

*Charles I. Button* and *Ernest H. O'Brien* for the defendant.

WATSON J.  The case as presented to this Court is based upon the allegations in the bill that prior to and on the second day of January, 1902, the complainant, George H. Churchill, was the owner of a leasehold estate in a portion of lot number 7, in the town of Goshen, in this State, the reversioner being the town of Chittenden; that he held such estate as assignee of a perpetual lease from the last named town, by which lease an annual rent of eight dollars is reserved to the town; that on the day first above named he and his wife, the complainant Jennie M. Churchill, by their deed of that date duly signed, sealed, and delivered, conveyed said leasehold estate to the defendant, using the usual printed blank form of a warranty deed in so doing; that the complainants were ignorant of the purport and effect of the covenants therein, were unaware, and did not know, that said interest and right of Chittenden in any way affected, or that such interest was in effect a violation of anything contained in, the printed matter of said instrument; that the defendant well knew the extent of the complainants' interest in the land; and that at no time prior to, or at the time of, the delivery of the deed, was it intended or expected by either the complainants or by the defendant that said land should be conveyed by said deed in fee simple, nor that in any manner the

grantors should covenant or warrant against the right of Chittenden therein. The bill further alleges that the deed, when delivered to the defendant, contained in its descriptive clause the words: "This being a school lot the rent is eight dollars per year, payable to Chittenden town clerk, March 1 of each year," and, added to the usual printed covenant against incumbrances, as a part thereof, were the written words and figures: "Except such lease as may have accrued since March A. D., 1898;" that after the deed was delivered to him the defendant, with the intent and for the purpose of defrauding the complainants, caused it to be altered by erasing therefrom the two clauses quoted above, and subsequently in such altered form had it recorded in the town clerk's office in the town of Goshen; that as thus altered and recorded the deed is without mention that the land described is a school lot and subject to a yearly rent, or that the town of Chittenden has any interest in or title to it; that later, on February 22, 1907, the defendant brought his action at law against the complainants for alleged breach of the covenants of seisin as of fee, against incumbrance, and of warranty, assigning and setting forth in the declaration the before mentioned interest and right of the town of Chittenden in the described premises, as the breach of each of the several covenants; which action is now pending. The bill contains no prayer of general relief. The special prayer of particular relief is, that the court "will cause said deed or writing to be reformed so that same shall conform to the true intent and purpose of the parties as herein set forth and so that the same shall convey only such title as was then and there by both parties intended and understood that the complainants should give and the defendant should receive and that said record may be reformed and corrected so that the same shall be a true record, and that pending hearing and decree herein that the defendant be" enjoined from prosecuting or proceeding with said suit at law. On the filing of the bill such prosecution was temporarily enjoined and has so remained. Answer was made denying all the equities of the bill, the cause heard before a master, and on his report a decree was rendered below for the complainants according to the prayer of the bill. The case is here on defendant's appeal. The only ground alleged why the

relief sought should be granted is that the complainants are advised that without it they cannot successfully defend against said action at law, while if the deed were reformed to express the true intent and understanding of the parties, the complainants would then have a good and sufficient defence thereto, both in law and in equity.

In regard to reforming the deed given according to the prayer, it is enough to say that the facts found do not show such mutual mistake, or mistake by the grantors and fraud or inequitable conduct on the part of the grantee, respecting the form of the deed delivered, as will justify such reformation.

The alleged alterations in the deed by the grantee present a different question, and one not within the prayer of the bill. Mr. Pomeroy says: " Reformation is appropriate when an agreement has been made, or a transaction has been entered into or determined upon, as intended by all the parties interested, but in reducing such agreement or transaction to writing, either through the mistake common to both parties, or through the mistake of the plaintiff accompanied by the fraudulent knowledge and procurement of the defendant, the written instrument fails to express the real agreement or transaction". 2 Pom. Eq. Jur. Sec. 870. See also Rapalje & Lawrence, Law Dict. 1083; *Sullivan* v. *Haskin,* 70 Vt. 487, 41 Atl. 437.

To accomplish the alleged object of the bill the relief which could be granted because of the alterations alleged was necessary only in case of failure to obtain a decree reforming the deed as prayed; hence if the complainants desired to meet this contingency they should have inserted in the bill an alterative prayer, based upon the allegations of such alterations, for the restoration of the deed to its original condition, or that it be declared void; but this they did not do. Restorative remedies are "those by which the plaintiff is restored to the full enjoyment of the right, property, or estate to which he is entitled, but which use and enjoyment have been hindered, interfered with, prevented, or withheld by the wrong-doer". The difference between this class of remedies and those by reformation, is clearly pointed out in 1 Pom. Eq. Jur. Sec. 112. It follows that irrespective of the findings (which in this respect are of doubtful import), no decree can be rendered covering this phase of the matter

without an amendment of the prayer, regarding which no suggestion by counsel has been made. In what circumstances, or upon what condition, such amendment should be allowed after a case has been heard in this Court on appeal by the defendant from a decree, on the merits, according to the prayer for particular relief, containing no alternative, we need not consider; for in the circumstances of this case we think leave for such amendment should not be granted (see *Bellamy* v. *Sabine*, 2 Phil. 425), provided the complainants have a plain, adequate, and complete remedy at law for the alleged alterations, by way of defence in the action at law.

The alleged erasures by the grantee after the delivery of the deed, if so made, constitute material alterations in that instrument. And the law is well settled that the fraudulent alteration of a deed after its execution, in a material point, by one of the parties thereto without the consent of the other party renders the deed void from the time when such alteration is made. *Bliss* v. *McIntyre*, 18 Vt. 466, 46 Am. Dec. 165; *Beaman* v. *Russell*, 20 Vt. 205, 49 Am. Dec. 755; *Langdon* v. *Paul*, 20 Vt. 217; *Bigelow* v. *Stilphen*, 35 Vt. 521; *Bellows* v. *Weeks*, 41 Vt. 598; *Derby* v. *Thrall*, 44 Vt. 413, 8 Am. Rep. 389; *Holden* v. *Rutland R. Co.*, 73 Vt. 317, 50 Atl. 1096. Yet when the deed in question was delivered the estate thereby conveyed vested in the grantee, and the alleged alterations by him or by his procurement, subsequently made, do not revest the estate in the grantors; for that can be done only by some mode of conveyance recognized by law. But when the grantee, or any one claiming under him, is suing on the covenants contained in the deed, there such material alterations by the grantee or by his procurement, without the consent of the other party, will defeat the right to recover. Viner's Abr. *Fait*, X, 2; *Miller* v. *Manwaring*, Cro. Jac. 399; *Clovering* v. *Clovering*, Prec. Chan. 235; *Bolton* v. *Bishop of Carlisle*, 2 H. Bl. 263; *Harrison* v. *Owen*, 1 Atk. 520; *Doe* v. *Hurst*, 3 Stark. 60, 14 E. C. L. 162; *Agricultural Cattle Ins. Co.* v. *Fitzgerald*, 16 Q. B. 432, 71 E. C. L. 432; *Davidson* v. *Cooper*, 11 M. &. W. 778,799; *West* v. *Steward*, 14 M. & W. 47; *Withers* v. *Atkinson*, 1 Watts, 236; *Chessman* v. *Whittemore*, 23 Pick. 231; *Alabama State Land Co.* v. *Thompson*, 104 Ala. 570, 16 South. 440, 53 Am. St. Rep. 80; *Hollingsworth* v

*Holbrook,* 80 Iowa 151, 45 N. W. 561, 20 Am. St. Rep. 411; *Woods* v. *Hilderbrand,* 46 Mo. 284, 2 Am. Rep. 513; *Lewis* v. *Payn,* 8 Cow. 71, 18 Am. Dec. 427; *Waring* v. *Smyth,* 2 Barb. Ch. 119, 47 Am. Dec. 299. Whether the governing rule of law respecting the revesting of the property conveyed is the same with things lying wholly in grant, it is not necessary to consider.

If the deed in question was fraudulently altered by the grantee or by his procurement after delivery, as alleged in the bill, it is void as respects any remedy by action in his favor upon it. The instrument has lost its identity, and if declared upon in its altered form in the action at law, the grantors may plead *non est factum,* and give the matter of the alteration in evidence, because at the time of the plea pleaded it is not their deed. Pigot's case, 11 Co. 27 a; Co. Litt. 355, note 7; 1 Saund. Pl. and Ev. 113; 1 Chitty Pl. 483; *Speake* v. *United States,* 9 Cranch 28, 3 L. Ed. 645. But if the deed is declared upon in its original form, it should seem that the alteration should be specially pleaded, for in such case it is more in the nature of confession and avoidance. *Hemming* v. *Trenery,* 9 Ad. and El. 926, 36 E. C. L. 325; *Mason* v. *Bradley,* 11 M. & W. 590; *Davidson* v. *Cooper,* 11 M. &. W. 778, 786; *Herschman* v. *Budd,* L. R. 8 Exch. 171; *Meredith* v. *Culver,* 5 U. C. Q. B. 218.

Since by the deed the whole leasehold estate of the complainants was vested in the defendant, and since the complainants can have no interest in the record of the altered deed (if the deed was altered), it follows that by the defence available to them in the action at law they are afforded a plain and adequate remedy at law, as to the alleged alterations; and this being so, instead of permitting an amendment of the prayer to cover that subject-matter the complainants will be left to their legal remedy. A precedent for such disposition of the matter is found in the case of *Durkee* v. *Durkee,* 59 Vt. 70, 8 Atl. 490.

It is unnecessary to consider the exceptions saved to the admission or exclusion of evidence.

*Decree reversed and cause remanded with directions that the bill be dismissed, but without prejudice to the complainants as to the question of the alleged alterations of said deed, or the effect thereof, by way of defence in the said action at law, or in any other litigation.*