## Estate of Louis Gould v. Harold S. McIntyre and Alice E. McIntyre

[ 237 A.2d 125 ]

October Term, 1967

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed December 5, 1967

*W. Edson McKee* for the plaintiff.

*James E. Knapp* for the defendants.

**Smith, J.** This is an action for reformation of a deed brought in the Washington Court of Chancery. Hearings were held on September 26 and October 31, 1966. Findings of Fact were made and a Decree issued declaring the former deed given by the plaintiff to the defendants to be cancelled and nullified, and directing the plaintiff to deliver a new deed to the defendants. The decree also directed the defendant, Harold S. McIntyre, to pay to the plaintiff the sum of $408.06, found by the chancellor to be the unpaid balance of the purchase price on the premises. The defendants have appealed here from certain of the findings of fact made below, as well as from the decree.

Among the assets of the estate of the late Louis Gould was certain real estate located at 3 Cross Street in the City of Montpelier. This land had been acquired by Louis Gould by virtue of a warranty deed from the Lane Manufacturing Company, dated June 19, 1963, and can be described as having a frontage of 51 feet on Cross Street.

On December 4, 1964, Daughly Gould, as executor of his father's estate, conveyed to the defendants all the same land and premises that were conveyed to his father by the deed from the Lane Manufacturing Company. It is the contention of the plaintiff, and the chancellor so found, that this deed did not express the intention of the parties, and that by reason of such mistake the defendants were conveyed an additional parcel of land with a frontage of 21 feet on Cross Street,

a depth of 65 feet and a back east-west line of 15 feet to which they were not entitled.

Defendants first claim error in the chancellor's finding that Daughly Gould was executor of his father's estate at the time this action was brought, it being defendants' contention that there is no proper party plaintiff in the action now before us.

While, as plaintiff asserts, the transcript in the case does not show the admission of Plaintiff's 10, the certificate of appointment from the Probate Court for the District of Washington of Daughly Gould as administrator, the certificate of appointment is part of the record before us. The transcript does show that the Registrar of the Probate Court did testify that such appointment was made, and produced in open court her records showing such appointment. The transcript also shows that the chancellor states that in view of the testimony it was not necessary to admit the Probate Court records, and no objection was made by the defendant.

The evidence also was that while a decree of distribution was issued in the Gould estate before the bringing of this action, and that the insurance company who supplied the executor's bond to Daughly Gould had been notified to cancel the same, that the executor had never been formally discharged. "The authority of an executor or administrator to represent an estate continues until the estate is fully settled unless he is removed, dies, or resigns, and neither the filing of a final account nor approval of the account operates as a removal or discharge without a formal order of discharge." *Atherton* v. *Hughes et al.*, 249 Ill. 317, 94 N.E. 546; 31 Am.Jur.2d. Executors and Administrators, p. 79.

Our statutes provide that a final discharge of an executor may be allowed by a probate court if such executor follows the procedure outlined in 14 V.S.A. Sec. 2107. Such procedure was not undertaken by the executor here, and no final discharge was recorded in the Probate Court for the District of Washington indicating that Daughly Gould was discharged as executor of his father's estate.

An action to reform the deed and recover the land here claimed to have been mistakenly conveyed could not have been brought by an heir under the will of the late Louis Gould. An action of ejectment or other action to recover the seisin or possession of lands shall not be maintained by an heir until there is a decree of the probate court assigning such land to such heir, or the time for paying debts

has expired, unless the executor has surrendered the possession of the lands to such heir. 14 V.S.A. Sec. 1455. Nothing in the findings of fact, or the record before us, evidences in any way that the land here under dispute was ever decreed by the probate court to any heir of the Gould estate, or that possession of it was surrendered by the executor.

The land and the money here sought to be recovered are in the nature of newly discovered assets as to which the estate has not been fully administered. An order approving a final account and discharging an executor does not foreclose the executor from taking such necessary legal steps as may be required to collect and administer the assets undisposed of by the decree of distribution. See 31 Am.Jur.2d, Executors and Administrators, Sec. 124. In so doing, the executor could be acting under the provisions of 14 V.S.A. Sec. 1402, seeking to recover the property as trustees for the benefit of the persons entitled to it under the provisions of the decedent's will.

Our next consideration is given to the exceptions of the defendants to Findings of Fact numbered 3, 4, 6, 16, 17 and 19. As the defendants assert all of these findings are to the point of ordering a reformation of the deed by reason of a mutual mistake as to the land intended to be conveyed. Defendants' claim is that none of these findings are supported by "material, competent and relevant testimony."

"This court must affirm the findings if there is any credible evidence to support them, and must construe those findings so as to support the judgment, if possible. * * * The evidence considered as a whole must be read in support of the findings, if reasonably possible. The weight of the evidence, the credibility of the witnesses and the persuasive effect of the testimony lies solely with the trier of fact." *Smith* v. *Lentini, Extr.,* 125 Vt. 526, 528, 220 A.2d 291, 294, and cases there cited.

The findings objected to disclose the factual situation now summarized.

The plaintiff executor agreed to sell and the defendants to purchase from the Gould Estate a portion of the real estate of the late Louis Gould, fronting on Cross Street for approximately 30 feet and extended south on its easterly boundary from Cross Street a distance of 122 feet to an iron pipe, then west parallel with Cross Street a distance of 46 feet, then north a distance of 65 feet, thence east a distance

of 15 feet, thence north again 65 feet to Cross Street. The defendants desired to purchase the lands in question so that they might have ingress and egress from their property located on Peck Place south of the lands just described.

It was agreed that the price of the land should be $1,100.00, to be paid for by the defendants in work, labor and services, with a deed to be given when the plaintiff was indebted to the defendants for such labor to an amount of $500.00. At a time when the plaintiff was indebted to the defendants in the sum of $673.49, the deed here sought to be reformed was delivered by the plaintiff to the defendants.

This deed, as before noted, conveyed to the defendants all the real estate previously conveyed to Lous Gould by the Lane Manufacturing Company. Defendants had a survey of the property conveyed to them under the deed and made claim to the entire frontage of 51 feet on Cross Street, which includes the land here in controversy. This controverted parcel of land has a frontage on Cross Street of 21 feet, a depth of 65 feet and a back east-west line of 15 feet, and is a vacant piece of land west of the property. A conveyance of the lot in controversy would deprive the occupants of the adjoining property to the west, owned by the plaintiff, of ingress and egress to Cross Street.

The conclusionary findings of the chancellor are that the deed of December 7, 1964 does not express the intention of the parties as to the land that was to be conveyed, and that a new deed should be given by the plaintiff executor to the defendants limiting the land conveyed to that originally agreed upon between the parties.

■ The findings of fact made by the chancellor are overwhelmingly supported by the testimony of the plaintiff executor, as well as by correspondence from the defendants to the plaintiff, admitted as exhibits in the case. All of such credible evidence is to the effect that the agreement was that the plaintiff executor would convey to the defendants a lot with a roughly thirty-foot frontage on Cross Street, connecting with land already owned by the defendants on that street, for a consideration of $1,100.00. No contrary evidence appears in the record. Findings numbered 3, 4, 6, 16, 17 and 19 are affirmed.

The defendants next claim that the mistake, if any, in the deed of December 7, 1964 was by plaintiff Gould, or by his lawyer who drew the deed, and not induced by the conduct of the defendants. Courts of equity, assert the defendants, do not relieve a party from the results of his own carelessness and negligence which are in no way induced

by the conduct of the other party, citing *New York Life Ins. Co.* v. *Kimball,* 93 Vt. 147, 154, 106 A. 676.

In the *Kimball* case, an insurance company made a mistake in computing the term of the continuance of an insurance policy. The insured never knew of the mistake during his lifetime, and had no reason to believe a mistake had been made. The mistake made was not mutual, for only the insurance company made the mistaken computation, nor was the plaintiff aware of any mistake at any time. This is not the case here. Both parties in the instant case were in agreement upon the extent of the land area that was to be conveyed by the plaintiff executor to the defendants. Both parties are here aware of the mistake in the deed, and the defendants seek to take advantage of such mistake to their enrichment.

According to the undisputed findings of fact it was only after defendants ordered a survey made of the land conveyed to them under the deed of December 7, 1964 did they discover that the description in that deed conveyed to them the land now under dispute, and it was only then that they claimed possession of such land.

The findings clearly establish beyond a reasonable doubt that there was a specific contractual agreement between the parties, and a subsequent erroneous rendition of the terms of the agreement in a material particular. There was no prejudicial change of position by the defendants while they were still ignorant of the mistake. Under such circumstances we have held that the party penalized by the error is entitled to reformation. *Travelers Insurance Co.* v. *Bailey,* 124 Vt. 114, 120, 197 A.2d 813. The chancellor also found in effect, and such findings are unexcepted to here by the defendants, that the defendants would be unjustly enriched if they retained the land unintentionally conveyed to them. If reformation of the deed was denied in the instant case only the plaintiff would suffer injury and the defendants would gain an unconscionable advantage. *Ward et al.* v. *Lyman,* 108 Vt. 464, 473, 188 A. 892.

Defendants do not dispute the findings made below that the parties agreed that the amount to be paid by the defendants to the plaintiff for the land was $1,100.00, to be paid in labor and services, of which the plaintiff has received $691.94, with a balance due and owing to the plaintiff from the defendants of $408.06. Defendants' contention is that the chancellor erred in ordering the defendants to pay the balance of $408.06 to the plaintiff, first, because the deed did not recite

this consideration, and second, that in Mr. Gould's final account as Executor in the Washington County Court of Probate shows the proceeds of such real estate sale as $500.00.

We are not aware of any statutory provision which requires that the exact amount of the consideration given be recited in a deed, and the chancellor found that the $500.00 consideration, recited in the deed, accurately represented the actual amount received by the plaintiff at the time the deed was delivered. The final accounting made in the Louis Gould Estate was also made when this approximate sum of money, or value, was all that had been received by the plaintiff from the defendants. No error is found.

*The entry is "Decree Affirmed."*