**Beatrice A. LaRock v. William R. Hill, Audrey Hill, LeRoy O. Whittemore and Diane L. Whittemore**

[310 A.2d 124]

No. 142-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed October 2, 1973

*Lynch, Ketcham & Foley,* Middlebury, for Plaintiff.

*Rodney F. Vieux, Esq.,* Johnson, for William R. Hill and Audrey Hill.

*James J. Cormier, Jr., Esq.,* Vermont Legal Aid, Inc., Rutland, for LeRoy O. Whittemore and Diane L. Whittemore.

**Shangraw, C.J.** In 1968, the plaintiff, Beatrice A. LaRock, and her late husband, Wallace LaRock, entered into an oral agreement with defendants William R. Hill and Audrey Hill, whereby plaintiff and her husband would sell to defendants Hills a parcel of land located in the Town of Brandon, Vermont, for the purchase price of $1,000.00. At the time of this oral agreement, the Hills were living in the State of Maryland.

On June 16, 1969, after the Hills had returned to Vermont from Maryland, the LaRocks conveyed to the Hills by warranty deed the entire lot or parcel of land in controversy. Later, on August 7, 1970, the Hills conveyed the same lot to the defendants, LeRoy O. and Diane L. Whittemore, for the purchase price of $1,800.00. Prior to this last conveyance and immediately thereafter, a dispute arose between Beatrice LaRock and the Hills as to the ownership of the front or southerly portion of the parcel or lot conveyed. Defendants Whittemores had knowledge of this dispute prior to the conveyance of August 7, 1970.

During trial, Mrs. LaRock claimed that she and her husband intended to sell only the rear or northerly part of said lot and that the defendants Hills intended to purchase only the rear portion of said lot on June 16, 1969.

On October 1, 1970, Mrs. LaRock initiated an action in the Rutland County Court against the Hills and Whittemores seeking to have the warranty deed of June 16, 1969, reformed so that the Hills would only have had title to the rear or northerly portion of the lot. The basis of plaintiff's action was that a mutual mistake had been made in that said deed did not reflect the LaRocks' and Hills' alleged true agreement that only the rear portion was to be conveyed on June 16, 1969.

The case was heard in the Rutland County Court on May 26 and June 2, 1972, by the presiding superior judge. Findings of fact and conclusions of law issued ordering reformation of the deed. On August 10, 1972, a formal judgment order was signed by the superior judge reforming the deed as prayed for. Defendants Whittemores duly filed their notice of appeal.

■■ Mutual mistake is shown if the evidence establishes that the seller intended to sell and the buyer intended to purchase a different piece of land than that described in the deed. The mistake cannot be mutual if the minds of the parties did not meet in a common intent. 66 Am.Jur.2d *Reformation of Instruments* § 23.

■ Vermont law, like that of many jurisdictions, imposes upon the party seeking reformation the duty of establishing, beyond a reasonable doubt, the true agreement to which the contract in question is to be reformed. *deNeergaard* v. *Dillingham,* 123 Vt. 327, 331, 187 A.2d 494 (1963).

In the *deNeergaard* case, *supra,* it was held at page 331 that in an action for the reformation of a deed on the basis that the deed does not represent the actual conveyance intended by the parties, the plaintiff has the burden of establishing that there existed, previous to the deed, a valid agreement representing a standard to which the erroneous writing can be reformed, so as to express the true transaction between the parties. Also see *Travelers Insurance Co.* v. *Bailey,* 124 Vt. 114, 116, 197 A.2d 813 (1964) ; *Burlington Savings Bank* v. *Rafoul,* 124 Vt. 427, 429, 430, 209 A.2d 738 (1965) ; *Estate of Gould* v. *McIntyre,* 126 Vt. 538, 543, 237 A.2d 125 (1967).

In citing 2 J. Pomeroy, Equity Jurisprudence § 870 (3d ed. 1905), referred to in *Churchill* v. *Capen,* 84 Vt. 104, 107, 78 A. 734 (1911), the following concise statement appears by Mr. Pomeroy.

" 'Reformation is appropriate, when an agreement has been made, or a transaction has been entered into or determined upon, as intended by all the parties interested, but in reducing such agreement or transaction in writing, either through the mistake common to both parties, or through the mistake of the plaintiff accompanied by

the fraudulent knowledge and procurement of the defendant, the written instrument fails to express the real agreement or transaction.' "

No fraud is claimed in the case now considered.

By finding No. 12 of the Findings of Fact the following determination was made:

"The Court finds that there is no question as to Whittemores title to the rear or northerly portion of the lot. The only issue is as to the front or southerly portion of the lot. As to that portion, the Court finds that there was a mutual mistake and that the deed must be reformed as to that portion of the lot so that the Hills would have received from the LaRocks only the rear or northerly portion of this lot."

A judgment order followed ordering reformation of the deed from the LaRocks to the Hills dated June 16, 1969, consistent with the foregoing finding.

The barrier to finding No. 12, and the judgment order, is found in paragraph 6 of the Findings of Fact which states:

"The back part or northern part of the lot stretches to the Neshobe River. The front or southern portion is on, as mentioned before, a town road. Mr. LaRock had water and sewerage brought to his mobile home. The Court finds that at that time there was a mistake between these parties in that the LaRocks meant to sell the back or northerly portion and the Hills meant to purchase the whole portion."

The law on reformation of deeds is well settled in Vermont as indicated by cases cited in this opinion. The permissible area within which reformation is applicable on the grounds of "mutual mistake" does not appear in this case on the facts as found by the court. The reformation order must be reversed.

On August 7, 1970, the Hills conveyed the entire lot to defendants, LeRoy O. Whittemore and Diane L. Whittemore, for which the Whittemores paid therefor the sum of $1,800.00.

On August 3, 1972, Supplemental Findings of Fact and Order issued. Contained therein are the following:

"18. That since there was a mutual mistake when the front or southerly portion of said lot was conveyed to the Hills by the LaRock's, and since the deed from LaRock's to Hill's must be reformed as to that portion of the lot so that the Hills would have received from LaRock's only the rear or northerly portion of said lot, the covenants of warranty in the deed from the Hills to the Whittemores have been breached.

19. That, on account of said breach, LeRoy O. Whittemore and Diane L. Whittemore have been damaged in the amount of Eight Hundred Dollars ($800.), an amount representing the difference between what they paid for said entire lot and the value of said entire lot less the southern or front portion.

20. WHEREFORE, it is hereby ORDERED that Judgment be entered for the Defendants LeRoy O. Whittemore and Diane L. Whittemore against Defendants William R. Hill and Audrey Hill in the amount of Eight Hundred Dollars ($800.00)."

In that the foregoing judgment is predicated on the order of reformation, it cannot stand and must be reversed.

Inasmuch as there must be a reversal for reasons stated, we need not reach the other issues briefed by the parties.

*Judgment orders reversed. Cause remanded.*