J.I.F. Inv. Co., Inc. v. Robert C. Ray et. al., No. 324-7-12 Wmcv (Wesley, J. May 1, 2014).

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT**<br>**Windham Unit** | **CIVIL DIVISION**<br>**Docket No. 324-7-12 Wmcv** |

| | |
|---|---|
| **J.I.F. Investment Co., Inc.,**<br>**Plaintiff.**<br><br>**v.**<br><br>**Robert C. Ray, Jeffrey D. Ray, Stephen A.**<br>**Ray, Nathan J. ray, Richard L. Ray and**<br>**Occupants residing at 499 Thurber Road,**<br>**Halifax, Vermont,**<br>**Defendants.** | |

### Decision and Order on Motion to Amend Complaint

Plaintiff issued Defendants a loan in return for a promissory note and mortgage. Plaintiff filed for foreclosure. The Court granted judgment to Plaintiff but did not confirm the sale of the property. Plaintiff later requested the Court vacate its judgment and rescind the public sale, which the Court granted. The reason for Plaintiff's request is a defect in the mortgage document. Plaintiff alleges the mortgage document references an incomplete portion of land that may not constitute a closed parcel.

On March 24, 2014, Plaintiff filed a motion to amend complaint. Plaintiff seeks to have the Court reform the mortgage document to refer to a closed parcel that encompasses the entire property. Plaintiff argues the Court has the power to reform the mortgage under the doctrine of mutual mistake. Plaintiff also seeks to go forward with the foreclosure after the Court reforms the mortgage. On April 4, 2014, Defendants opposed the motion to amend. Defendants argue the mortgage document unambiguously encumbers approximately 90 acres of their approximately 209 acres of land and it would be futile to allow amendment. On April 16, 2014, Plaintiff responded and argued Defendants' opposition goes to the merits of Plaintiff's claim rather than to its ability to plead the claim.

After twenty days pass from the date of service, parties must seek permission of the Court to amend a complaint. V.R.C.P. 15(a). The Court must give leave freely "when justice so requires." *Id.* Court generally allow amendments that are not futile and do not unfairly prejudice defendants. *See Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 7, 184 Vt. 1. The standard for futility is whether the complaint could survive a motion to dismiss. *See id.* The Court grants a motion to dismiss when there are "no facts or circumstances, consistent with the complaint that would entitle Plaintiff to relief." *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575.

Vermont allows reformation of a deed based mutual mistake. *See Cassani v. Hale*, 2010 VT 8, ¶ 17, 187 Vt. 336.

> "Reformation is appropriate, when an agreement has been made, or a transaction has been entered into or determined upon, as intended by all the parties interested, but in reducing such agreement or transaction in writing, ... through the mistake common to both parties, ... the written instrument fails to express the real agreement or transaction."

*Id.* (quoting *LaRock v. Hill*, 131 Vt. 528, 530–31 (1973)). The party seeking correction has the burden of proving mutual mistake. *Id.* ¶ 18. Incorrect language in a deed or property description, when combined with other evidence, may be sufficient to show mutual mistake. *Id.*

In this case, the Court cannot conclude that Plaintiff's proposed amended claim for reformation by mutual mistake is obviously futile. *See id.* ¶ 17. Plaintiff alleges that both parties were mistaken in drafting the property description in the mortgage document. The property description does not represent the property agreed on by the parties at the time of the loan and mortgage. Plaintiff is not sure when the mistake occurred. Plaintiff also notes the property description has not been surveyed and the description may not be a closed parcel. The circumstances and arguable inconsistencies within the mortgage document are sufficient to plead a claim of reformation by mutual mistake. *See Bock*, 2008 VT 81, ¶ 4. Therefore, the amendment is not futile and the Court will grant the motion to amend. *See* V.R.C.P. 15; *Colby*, 2008 VT 20, ¶ 7.

The Court does not reach the other issues raised in the briefs. Defendants' arguments about the ability of Plaintiff to prove mutual mistake must await further framing, either through dispositive proceedings or at trial. The Court also reserves for further consideration under those circumstances whether the 2009 corrective mortgage deed, which Plaintiff concedes is invalid because of a bankruptcy case, may be used as evidence of mutual mistake.

## <u>Order</u>

The Court **GRANTS** Plaintiff's motion to amend complaint .

Dated at Newfane, Vermont on April 28, 2014.

John P. Wesley
Superior Court Judge