PHH Mortgage Corp. v. Connors et. al., No. 346-9-10 Bncv (Wesley, J. May 8, 2014).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Bennington Unit | Docket No. 346-9-10 Bncv |

---

## PHH Mortgage Corporation vs. Connors et al

---

## ENTRY REGARDING MOTION

Count 1, Foreclosure (346-9-10 Bncv)
Count 2, Foreclosure (346-9-10 Bncv)

Title:          Motion to Rescind Public Sale (Motion 9)
                Motion To Vacate Judgment Order (Motion 10)
Filer:          PHH Mortgage Corporation
Attorney:       Joshua B. Lobe
Filed Date:     April 10, 2014

No response filed

**The motions are GRANTED.**

### Decision and Order
### Granting Motion to Rescind Public Sale and Granting Motion to Vacate Judgment

On September 13, 2010, Plaintiff brought a foreclosure action against Defendants. On August 29, 2012, the Court issued a judgment of foreclosure. On September 26, 2013, the Court confirmed the foreclosure. The Federal National Mortgage Association was the highest bidder. On April 10, 2014, Plaintiff moved the Court to rescind the public sale and vacate the foreclosure judgment order. Plaintiff discovered a defect in the mortgage document. The mortgage document described only a portion of Defendants' property, despite Plaintiff's belief that the description was the product of a mutual mistake, and did not represent the true intent of the parties to the note and mortgage. Neither Defendants nor the Federal National Mortgage Association responded to Plaintiff's motions.

Procedurally, Plaintiff's motion is on precarious footing. After the confirmation order was approved, the foreclosure case was concluded. Indeed, Plaintiff does not specify any basis for claiming a present interest in the property, sufficient to satisfy continuing standing requirements, apart from the inference that despite the Court's confirmation of the sale to Federal National Mortgage Association, the transaction has not yet "closed" due to the discovery of the alleged mistaken description. To the extent this stumbling block leaves Plaintiff with some interest, which is not well-articulated in its request for relief, presumably the procedural mechanism for invoking such relief is V.R.C.P. 60(b). Yet, Plaintiff has not plead specifically the elements needed to establish relief under Rule 60, relying instead only on V.R.C.P.80.1 which has no provision that directly addresses the circumstances here. Indeed,

Plaintiff is not even aided by the recent amendment to the foreclosure statutes, 12 V.S.A. § 4951. While that provision establishes the parties' capacity to stipulate to vacating a foreclosure decree, it contemplates relief based on mutual agreement and specifically requires that the parties seek such relief "at any time prior to the public sale."

Nevertheless, while the Court would have preferred a more careful approach to pleading, it will infer a basis for the relief requested arising from V.R.C.P. 60(b)(1), which refers to circumstances involving mistake as affording grounds to relieve a party from a final judgment. Indeed, our caselaw allows for reopening of a foreclosure to reform a mortgage made by mutual mistake. *See Blodgett v. Hobart*, 18 Vt. 414, 420, 423 (1846). More recently, the Supreme Court has approved reformation of a deed based mutual mistake. *See Cassani v. Hale*, 2010 VT 8, ¶ 17, 187 Vt. 336.

> Reformation is appropriate, when an agreement has been made, or a transaction has been entered into or determined upon, as intended by all the parties interested, but in reducing such agreement or transaction in writing, ... through the mistake common to both parties, ... the written instrument fails to express the real agreement or transaction.

*Id.* (quoting *LaRock v. Hill*, 131 Vt. 528, 530–31 (1973)). The party seeking correction has the burden of proving mutual mistake. *Id.* ¶ 18. Incorrect language in a deed or property description, when combined with other evidence, may be sufficient to show mutual mistake. *Id.*

The Court will grant Plaintiff's motions to rescind the public sale and vacate the judgment of foreclosure. Assuming Plaintiff can prove mutual mistake, it is entitled to reopen the foreclosure. *See Blodgett*, 18 Vt. at 420, 423. Plaintiff will have the burden of proving mutual mistake once Plaintiff amends its complaint. *See Cassani*, 2010 VT 8, ¶ 17. Reopening the foreclosure is also appropriate because Plaintiff asserts it will not prejudice Defendants and neither Defendants nor the Federal National Mortgage Association objected to Plaintiff's requests.

## Order

The Court **GRANTS** Plaintiff's motion to rescind public sale and reopen foreclosure. The Court **GRANTS** Plaintiff's motion to vacate its judgment order .
So ordered.

Electronically signed on May 08, 2014 at 02:52 PM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge

Notifications:
Joshua B. Lobe (ERN 2066), Attorney for Plaintiff PHH Mortgage Corporation