[No. 19962.   Department Two.   August 30, 1926.]

LONA LOOMIS (*Now Lona Smith*), *Appellant,* v. GEORGE HENRY LOOMIS, *Respondent.*[1]

[1] DIVORCE (104)—CUSTODY OF CHILD—DECREE—MODIFICATION. There appears no abuse of discretion from an order modifying a decree of divorce as to the custody of a young child, where evidence in an abandoned hearing was considered by the court and not brought up on appeal, and where the order appears to have been only temporary, that is, for a period of six months.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered March 31, 1926, in favor of the defendant, modifying a divorce decree respecting custody of a child, after a hearing before the court. Affirmed.

*P. C. Kibbe,* for appellant.

*Vance & Christensen,* for respondent.

[1]Reported in 248 Pac. 809

PARKER, J.—This is a controversy over the custody of the minor child, under three years of age, of Mrs. Smith, formerly Mrs. Loomis, and Mr. Loomis; which child, upon the rendering of an interlocutory decree entered in June, 1925, divorcing Mr. and Mrs. Loomis, was, by the terms of the decree, temporarily placed in the custody of the mother of Mrs. Loomis, giving Mr. Loomis the right to visit the child at all reasonable times; the decree further expressly providing that "the court retains jurisdiction to change the custody of the child." At the expiration of six months following the entering of the interlocutory decree, a final decree of divorce was accordingly entered, and soon thereafter Mrs. Loomis was married to a Mr. Smith.

Mr. Loomis then applied to the court for a change in the custody of the child, alleging that he had not been accorded his rights as to visiting it, and asked that it be given into the custody of his mother. Upon the hearing, evidence was introduced in behalf of both parties, and the court, being convinced that Mr. Loomis and Mrs. Smith, they both being yet young and not sufficiently settled to warrant the giving of the child to either of them, and being further convinced that Mr. Loomis had not been accorded his full rights as to visiting the child, entered its order on March 31, 1926, giving the custody of the child to the mother of Mr. Loomis for a period of three months commencing April 1, 1926, and then to the mother of Mrs. Smith for a period of three months commencing July 1, 1926; and further by the terms of the order expressly reserving jurisdiction over the question of the future custody of the child. From this order of the superior court, Mrs. Smith has appealed to this court.

[1] While there is a purported full statement of facts before us, containing the evidence introduced in

the superior court upon the hearing of the application for change of custody of the child, the record is really not in a satisfactory condition enabling us to determine all of the probable moving considerations inducing the court to enter the order here in question. There seems to have been another previous hearing looking to this same end, in which some evidence was introduced, that hearing being had some time after the entering of the interlocutory decree and some time before this hearing, which hearing seems to have been indefinitely postponed or abandoned. Nevertheless, the trial judge, in his observations, repeatedly refers to information he then received, from evidence then introduced, as having some influence upon his making of the order upon this later hearing. In view of this, and especially in view of the apparent intention of the trial judge to make this disposition of the custody of the child temporary, that is, for a period of only six months, we are unable to say that there was any abuse of discretion on his part in so disposing of the present custody of the child.

The order appealed from is therefore affirmed.

TOLMAN, C. J., MACKINTOSH, MITCHELL, and MAIN, JJ., concur.