[No. 20579. Department One. June 16, 1927.]

LONA LOOMIS *(now Lona Smith), Appellant,* v. GEORGE HENRY LOOMIS, *Respondent.*[1]

[1] DIVORCE (104) — CUSTODY OF CHILD — MODIFICATION OF ORDER. Where diligent consideration is being given to the welfare of a child of tender years, whose parents are in an unsettled condition, a temporary order dividing the custody will not be disturbed on appeal.

Appeal from an order of the superior court for Thurston county, Wright, J., entered October 7, 1927, denying the modification of a divorce decree respecting custody of a child, after a hearing before the court. Affirmed.

*P. C. Kibbe,* for appellant.

*Vance & Christensen (Troy & Yantis,* of counsel), for respondent.

MAIN, J.—This controversy is over the custody of a minor child of tender years. The case was here, 140 Wash. 319, 248 Pac. 809, upon appeal from a prior order, and the preliminary facts will be found there stated. That was an appeal from an order which gave the custody of the child to its paternal grandmother for a period of three months and then to the maternal

[1] Reported in 256 Pac. 1032.

grandmother for a like period. That order was affirmed and the opinion was filed on August 30, 1926. On September 27, 1926, or less than thirty days thereafter, the present application was made. A hearing was had and an order entered in which the custody of the child was given to the parents thereof for three months periods, first to one parent for three months and then to the other parent for a like period. It is from this order that Lona Loomis, now Lona Smith, mother of the child, appeals.

[1] The evidence shows that, at the time of the trial, the appellant and her present husband were residing with her parents in the city of Tenino, in Thurston county, and that Mr. Smith is there employed. The respondent is employed in Bucoda, a small town nearby, and resides with his parents, who live out in the country a distance of two miles. The appellant and her present husband, shortly before the trial, came from the state of Oregon, where they had been residing. While the husband is employed in Tenino, he is not engaged in his regular vocation, and there is no opportunity there for such employment. The trial court was of the opinion that neither of the parties to the controversy were sufficiently settled to justify making a permanent award of the child to either, but recognized that, in time, some disposition must be made other than that embodied in the order from which the present appeal is prosecuted, and expressly reserved jurisdiction for that purpose. At the conclusion of the trial, the trial judge, among other things, stated:

"I am satisfied that these parents, that there will be changed conditions. I can see that they are not settled down, either one of them yet, and I don't want to make a permanent award of the child until I see how things are going to go and I think for the present that this arrangement is as good as can be made, and I

don't think that the child will be harmed by this arrangement. It does give both of the parents a chance to have the child with them and to have its affection."

After reading the evidence in this case, as well as the oral opinion of the trial judge, we are impressed with the fact that diligent consideration is being given to the welfare of the child by the court, which is the matter of paramount importance. The record would not justify us, at this time, disturbing the order of the trial court, and it will therefore be affirmed.

MACKINTOSH, C. J., MITCHELL, FULLERTON, and FRENCH, JJ., concur.