418 ·

[No. 888.   Decided May 27, 1893.]

DAVID MURRAY, *Respondent*, v. W. H. PETERSON, C. LONG-
MIRE AND H. M. BRYANT, *Appellants*.

### NEGOTIABLE INSTRUMENTS — SPOLIATION — PLEADING.

A material alteration will not invalidate a written instrument
when made by a stranger to the contract.

Where a promissory note has been changed by altering the pro-
vision for attorney's fee from 5 to 15 per cent., and a complaint is
founded upon the note as originally executed, to which defendants
answer, alleging the change made in the note without their know-
ledge or consent, a reply which admits the change as alleged, but
avers that the note was not changed by plaintiff or by his authority,
and that said alteration was made without his authority, knowledge
or consent, is equivalent to pleading spoliation of the instrument
by a stranger.

*Appeal from Superior Court, Kittitas County.*

*Frost & Warner*, for appellants.

*Frank H. Rudkin*, and *A. Mires*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—This is an action upon a promissory
note wherein there had been an original provision for an
attorney's fee of five per cent. upon the amount due upon
said note in case suit should be instituted to collect the
same.    Prior to the commencement of the action, plaintiff
conceded that the provision for an attorney's fee of five
per cent. had been changed to fifteen per cent. by writing
a figure 1 immediately before the figure 5.    In the first
complaint the note was declared upon in its changed form.
By permission of the court an amended complaint was filed
which described the note as originally executed, and de-
mand was made for judgment in the amount of the note,
and for an attorney's fee of five per cent. of that amount.
To this complaint the defendants answered, alleging the

change in the note, and denying that it was their contract.
The language of the answer concerning the change in the
note is as follows:

"Said promissory note was, without the authority,
knowledge or consent of the defendants, or either of them,
altered in this:" (Here follows description of the altera-
tion.)

To this affirmative defense plaintiff replied as follows:

"Plaintiff admits that the promissory note on which said
action was brought was changed as in said answer stated,
but avers that said promissory was not changed by him or
by his authority, but that said change and alteration was
made without his authority, knowledge or consent."

Also alleged that when the first complaint was filed he
had no knowledge or information that the note had been
altered or changed, and averred that he had no knowledge
or information as to when or by whom said note was al-
tered and changed. The defendants moved for judgment
on the pleadings, which motion the court overruled. The
case went to trial, and a verdict was rendered and judg-
ment entered for the plaintiff in accordance with his prayer.

There is no question in this case of any presumption as
to whether the alteration was made before or after delivery,
for it is admitted that it was made after delivery. Nor
do we understand that the rule is contended for by the
appellants that a material alteration made in a written
instrument, whether by a party or a stranger, avoids the
instrument. At all events the whole trend of modern au-
thority is opposed to this rule, for while there is no doubt
that a willful and material alteration of a written instru-
ment made by one of the parties to it, and without the
authority of the other party, defeats any rights he would
otherwise have under it, the rule that an alteration, al-
though material, cannot invalidate a written instrument
when made by a stranger to the contract is just as thor-

oughly established.   See 1 Am. & Eng. Enc. Law, p. 505, and cases cited.

And this, in our opinion, is a just rule, for while it is true that a party who has the custody of a written instrument should be held to a reasonably strict care of it, and care should be taken to prevent him from declaring on an altered instrument, and then simply curing it if the fraud be discovered, yet more abuses, in our judgment, would occur if, by the spoliation of an instrument by a stranger, the party entitled to it should thereby be deprived of his relief.   So that we take it the material and practical question in this case is, does the reply of the plaintiff allege the spoliation?   We think it does.   At all events his reply is as definite as the affirmative allegations of the answer, and about as definite as it could have been made without knowledge of the manner in which the alteration was made. The answer does not specifically charge the plaintiff with making the alteration, and there is no more presumption from the allegation that he did it than that a stranger did. Presumptions of fact sometimes follow undisputed allegations, but the allegation itself must be definite.   The reply does deny specifically that the change was made by plaintiff, or by his authority, and states affirmatively that it was made without his knowledge or consent, and fully excuses a more definite allegation by alleging that he has no knowledge or information as to when or by whom said note was altered and changed.   If this allegation were true, it is all that he could plead, and the least liberality of construction would hold it equivalent to pleading a spoliation of the instrument.

We find no error in the record, and the judgment is, therefore, affirmed.

ANDERS, HOYT and SCOTT, JJ., concur.

STILES, J., dissents.