A. B. MATHIAS, *et al.*, Executors, v. F. F. LEATHERS, *et al.*,
Appellants.

**Alteration of Mortgage:** SUBSEQUENT MORTGAGE. Alteration of a
mortgage by an agent, authorized to loan money for his principal
on mortgages and acting, also, for the borrower so as to increase
the mortgage debt, made without any fraudulent intent, and with-
out the knowledge of the principal, does not invalidate the mortgage
as against a subsequent mortgage.

*Appeal from Ringgold District Court.*—HON. W. H.
TEDFORD, Judge.

FRIDAY, OCTOBER 9, 1896.

THE facts in this case, as shown by the pleadings,
evidence, and agreed statement are substantially as
follows: William H. Barrett owned certain real estate
in Ringgold county, Iowa. He wanted to procure a
loan thereon. He made application in the fall of 1891,
to Thomas Ross & Son, loan agents at Mt. Ayr, Iowa,
for a loan. They negotiated a loan for two thousand
two hundred dollars for him from one Connable,
through one Farrer. It was the understanding that
the money procured should be used in paying off all
prior liens upon the land. After the two thousand
two hundred dollars had been sent to Ross & Son,
they wrote Farrer that it would require one hundred
dollars more to pay off the liens upon the land, and
said amount was sent Ross & Son. In November,
1891, a mortgage was executed by Barrett and wife,
upon the land, to Connable, for two thousand two
hundred dollars, which was filed for record on Novem-
ber 19, 1891. December 8, 1891, Barrett and wife gave
another mortgage on the same land, which was after-
wards assigned to the defendant Leathers. After the
execution and delivery of the last mortgage, and

without the knowledge or consent of Leathers or his assignor, the mortgage executed to Connable was by said Ross & Son changed from "$2,200" to "$2,300." Neither Connable nor Farrer had seen the mortgage which was executed to Connable, nor had they been informed as to its terms until some time after the one hundred dollars was sent to Ross & Son. The mortgage, when received by them, had a consideration of two thousand three hundred dollars stated therein, and had been recorded. Connable and Farrar had no knowledge that the sum mentioned in the mortgage, for which it was given, had been changed, and it never was changed while in their possession. Connable, in March, 1893, began his action for judgment on the note which the mortgage given him secured, and for a foreclosure of the mortgage securing it, and made Barrett and wife and Leathers parties defendant. Barrett and wife made no defense. Leathers filed an answer, setting out his subsequent mortgage; the fact that, when Connable's mortgage was executed and recorded, it was for two thousand, two hundred dollars; that afterwards, and subsequent to the execution of the mortgage to the assignor of Leathers, plaintiff fraudulently, and for the purpose of defrauding Leathers, materially altered his mortgage by making the same read "$2,300" instead of "$2,200," which alteration was made without the knowledge or consent of Leathers, and in fraud of his rights; and claiming that thereby Connable's mortgage was void, and no lien upon the said land as against Leathers. Connable died before the cause was determined in the district court, and his executors were substituted as parties plaintiff. The district court entered a decree for the plaintiffs, but ordered that Leathers might redeem from a sale made of the mortgaged lands by paying the amount for which the land sold, with interest

thereon, less one hundred dollars. Leathers appeals. --*Affirmed.*

*Harvey & Parrish* and *F. F. Fuller* for appellant.

*Henry & Spence* for appellees.

KINNE, J.—I. Appellant contends that, under the stipulation filed, the allegation of his answer to the effect that plaintiff fraudulently altered the mortgage is admitted. Such, in our judgment, is not a fair construction of the agreed statement of facts. It is therein provided that the allegations of the pleadings shall be taken as true so far as the same are not denied by the pleadings of the other party; that the court shall consider as evidence the deposition of witness Farrer, so far as the same is consistent with the agreed facts. In division six of the agreed statement, it is said: "After the recording of the said mortgage to plaintiff, and after the execution and delivery of the defendant's mortgage, and without the knowledge or consent of defendant Leathers or his assignor, and under the circumstances detailed by the witness Farrer, referred to in No. 2 above, the said mortgage was by the said Thos. Ross & Son, changed from 'twenty-two hundred dollars' so as to read 'twenty-three hundred dollars.'" Taking the stipulation as a whole, it is clear that it is agreed that Ross & Son made the change in the mortgage.

II. We do not, as a rule, discuss the evidence in equity cases, but state our conclusions reached after a full consideration of all the evidence. We find that neither Connable nor Farrar authorized or had any knowledge of the change made in the amount of Connable's mortgage. Unless Ross & Son, who took the application for the loan, and who in fact made the change in the mortgage, can be said to have been

the agents of Connable, so as to bind him by their act, he is in no way a party to, or responsible therefor. Appellants do not seem to question the rule of law, that an alteration, although material, cannot invalidate a written instrument, when such alteration is made by a stranger to the contract. 1 Am. and Eng. Enc. Law, p. 505; 1 Greenleaf Ev. section 566; *City of Orlando v. Gooding*, 34 Fla. 244 (15 South Rep. 770); *Murray v. Peterson*, 6 Wash. 418 (33 Pac. Rep. 969); *Kingan & Co. v. Silvers* (Ind. App.) (37 N. E. Rep. 413); *Murray v. Graham*, 29 Iowa, 528.

The real question, then, is: In taking the mortgage, did Ross & Son act as agents for plaintiffs' intestate, and, in making said alteration, were they acting within the scope of their employment? It has often been held that no alteration or spoilation, done by an agent of one of the parties, will avoid the contract if the agent had no express or implied authority to do the act. 1 Am. and Eng. Enc. Law, p. 505, note 1. If, then, Ross & Son be deemed the agents of Connable, to take a mortgage for the amount of money loaned to Barrett, there is nothing in this record from which it can be said that they had any authority, either express or implied, to change or alter the mortgage after it had been executed and recorded. After this mortgage was executed and recorded, Ross & Son had no more right to alter it than had any stranger to the transaction. They thereafter became the mere vehicle for the transmission of the mortgage to Farrer, the agent of the mortgagee. *Kingan & Co. v. Silvers* (Ind. App.) (37 N. E. Rep. 413.) The facts in this case clearly distinguish it from *Hollingsworth v. Holbrook*, 80 Iowa, 156 (45 N. W. Rep. 561). But we need not place our conclusion wholly upon the theory that, though Ross & Son were the agents of Connable, the latter was not chargeable with their wrongful act. From this record, we are

justified in assuming that the change was made in the mortgage, if not at the instance of, certainly with the consent of, Barrett. There is no question of fraud in the case. None of the parties intended any wrong. Appellant has not suffered by this unintentional wrong, and it would be most inequitable and unconscionable to permit him to defeat the lien of the Connable mortgage on a mere technical quibble, and thus place himself, as regards his lien, in a better position than he would have been had the Connable mortgage not been altered. Sometimes it is held that the person taking the application for a loan is the agent of the money lender. *McLean v. Ficke*, 94 Iowa, 283 (62 N. W. Rep. 753). It depends upon the facts. It does not appear in this case that Ross & Son had been appointed as Connable's agents, or that they ever before loaned any of his money, or that Connable relied upon them as to the character and amount of the security to be taken; nor is there any direct evidence that they were to see to the payment of the prior liens upon the land. We do not think that from the record it can be said that Ross & Son were the agents of Connable.

The finding of the district court that, in making the alteration, Ross & Son were acting for the borrower, is not without support in the evidence. As was said in *Murray v. Graham, supra*, the act of alteration is in no just sense the act of Connable, and "he should not be affected by it otherwise than though it was the act of a stranger, or a spoliation by accident or mistake." In this same case the court quotes approvingly from the case of *U. S. v. Spalding*, 2 Mason, 476 Fed. Cas. No. 16,365, wherein is said: "A doctrine so repugnant to common sense and justice, which inflicts on an innocent party all the losses occasioned by mistake, by accident, or by the wrongful act of third persons, ought to have the unequivocal support of

unbroken authority before a court is bound to surrender its judgment to what deserves no better name than a 'technical quibble.'" Appellant, when he took his mortgage, took subject to all prior liens. The additional one hundred dollars went to pay liens ahead of his mortgage. He is in no position to ask a court of equity to set aside the lien of the Connable mortgage, and thereby permit him, so far as the land is concerned, to wipe out a just debt of two thousand two hundred dollars, which existed prior to the time the mortgage under which he claims was executed. When the learned district judge gave him the right to redeem he got all that he was entitled to. The decree below is AFFIRMED.