[No. 14085.   Department Two.   December 14, 1917.]

KATE GOULD, *Respondent*, v. OLGA H. GOULD, *Appellant*,
H. M. GOULD *et al., Defendants.*[1]

ALTERATION OF INSTRUMENTS—ACTS OF STRANGER—EFFECT. Where
a mortgage note was changed in amount by a stranger before de-
livery and not by the parties, the alteration does not avoid the in-
strument.

SAME. Where one of the joint makers of a note made a change in
the date after it was executed, without the knowledge or consent of
the co-maker, as to the latter the alteration was made by a stranger
and did not invalidate the note as originally written.

PLEADING—AMENDMENTS—TO CONFORM TO PROOF. Where, under a
complaint upon a note and mortgage for $900, and a general denial,
the proofs showed an alteration by a stranger of a note for $750,
which defendants conceded to be due, the court properly considered
the complaint amended to conform to the proof.

Appeal from a judgment of the superior court for King
county, Smith, J., entered December 23, 1916, upon findings
in favor of the plaintiff, in an action to foreclose a mortgage,
tried to the court.   Affirmed.

*Shorett, McLaren & Shorett*, for appellant.

*J. P. Wall*, for respondent.

MOUNT, J.—This action was brought to foreclose a mort-
gage for $900, purporting to be executed by the appellant
and her husband, H. M. Gould, in June of 1912.   The com-
plaint is the usual form in such cases.   The defendant H. M.
Gould and his wife, the appellant, answered the complaint,
denying that they had executed the note and mortgage sued
upon, and, as an affirmative defense, alleged that the note had
been raised from $750 to $900 after the execution thereof,
and prayed that the mortgage be cancelled as constituting a
cloud upon their title to the lot covered by the mortgage.   At
the trial of the case, the defendants were permitted to amend

[1]Reported in 169 Pac. 324.

their answer, alleging a further alteration in the note without their consent, wherein it was changed so as to read "interest from date," instead of "interest from maturity." Plaintiff, for reply, denied all the allegations of the affirmative defense. Upon the trial the court found, among other things, that the note and mortgage had been altered from $750 to $900 by strangers to the instruments, without the consent of the parties thereto, and that the word "maturity" in the note was changed to "date" by direction of the defendant H. M. Gould. The court also found that payments amounting to $185 were payments of interest, and were made by the defendant H. M. Gould; that the mortgaged property was, since November 22, 1911, the separate property of Mrs. Olga H. Gould, the wife of H. M. Gould, and entered judgment against the appellant and her husband, H. M. Gould, for $750, with interest from June 4, 1915, which was the date of maturity of the note, with an additional judgment against the defendant H. M. Gould for three years' interest amounting to $180. The effect of the judgment was that the interest was absorbed by the excess judgment against the husband, except $5 which was credited to the principal.

The facts, as disclosed by the record, are in substance as follows: The respondent, Kate Gould, and W. H. Gould are husband and wife. Olga H. Gould and H. M. Gould are also husband and wife, and H. M. Gould is the son of W. H. Gould. In 1910, W. H. Gould sold to his son, H. M. Gould, the lot in question for a consideration of $900, and took a note and mortgage from the son and his wife, Olga, for that sum. This note and mortgage were dated April 27, 1910, and, by its terms, the note drew interest at the rate of eight per cent per annum. It was payable to W. H. Gould. This note and mortgage represented the full purchase price of the lot. The mortgage was made a second mortgage upon the lot so as to permit the son to put a first mortgage upon the property in order to build a dwelling-house thereon. The note and the mortgage were assigned by W. H. Gould to his wife, Kate

Gould. The first mortgage, which was placed upon the lot to build the dwelling-house, became due about April 27, 1912, and H. M. Gould requested his father to take a new second mortgage so as to prevent foreclosure of the first mortgage. The respondent, Kate Gould, who was then the holder of the note and mortgage, consented to this arrangement. H. M. Gould thereupon had his attorney prepare a new note and mortgage, which were evidently prepared in the sum of $750, with interest after maturity. The respondent, Kate Gould, executed this new note and mortgage before her husband, and was not present when her husband signed the instruments. About the time of the execution of this note and mortgage, H. M. Gould stated to his father that the instruments were for $750, because he had paid $150 thereon. It was claimed by H. M. Gould that his father had promised that he would not exact interest upon the original note, and he, for that reason, had the new note and mortgage drawn for $750, with interest from maturity. His father testified that, when told of that fact, he objected and told his son that the new note must be for $900, with interest from date. After this time, the note and mortgage were changed by some one from $750 to $900, with interest from date. They were given to the First Mortgage and Savings Bank of Seattle, the holder of the prior lien upon the property, were recorded by that bank, and returned through the mails to the respondent, Kate Gould. She did not know of the change in the amount, or of the change in the time from which the interest began to run, until the trial of the case. She supposed that the new note and mortgage were to take the place of the old ones for the same amount and at the same rate of interest. She contended at the trial that the payments made upon the original note were interest payments and did not apply to the principal.

Three contentions are made by the appellant, as follows: First, that the alteration of the instruments precludes any recovery upon the note and mortgage; second, that there is a fatal variance between the respondent's pleadings and the

findings of the court; third, that, if any recovery can be had, the appellant is entitled to a credit of $185 on the principal.

The appellant, for her first contention, relies upon the principle that, where a negotiable instrument is materially altered without the assent of all the parties, it is avoided. This is no doubt the general rule, but the court, in this case, while it found that there had been an alteration of the note and mortgage sued upon, found also that the alteration was made by a stranger to the instruments; that the respondent, Kate Gould, who is the owner and holder of the note and mortgage, knew nothing of the alteration and was not a party thereto, and for that reason, the rule contended for by the appellant did not apply. It is not disputed by the appellant that, at the time the note and mortgage sued upon were given by her and H. M. Gould, her husband, to the respondent, Kate Gould, they were indebted to her in the sum of $750, and the note and mortgage were intended to be given by them to cover that amount. There can be no question that Kate Gould, the holder of the note and mortgage, was entirely innocent of any change made therein. The note which she surrendered was for $900 and interest from date. When she received the renewal note and mortgage, after they had been changed, they appeared to be for the sum of $900, with interest from date. She was not informed, and had no knowledge, that there had been any change made in the note. The circumstances under which she received it did not call her attention to the fact that it had been changed. The only reason suggested in the record for the change was that H. M. Gould had an understanding with his father, at the time the original note was made, that no interest would be exacted. One hundred and fifty dollars had been paid upon the note. This was about the amount of interest due at that time. H. M. Gould concluded, therefore, that the new note should be for $900 less $150—or $750. Mrs. Kate Gould did not know and, so far as the record shows, was not informed, of these facts. When she received the note, she received it in

good faith, held it in good faith, and did not know until at the trial of the case that there had been any alteration made. The record does not show who made the change. The court found that the change in the date was made by H. M. Gould, the husband of the appellant, who was jointly liable upon the note, but the change in the amount was made by a stranger, and applied the rule that, where the change is made by a stranger, and not by the parties to the contract, the parties to the contract are not affected by such change, and gave judgment accordingly for $750. We are satisfied that the judgment was equitable, to say the least.

In the case of *Yakima Nat. Bank v. Knipe*, 6 Wash. 348, 33 Pac. 834, in referring to an altered instrument, we said:

"The question thus presented is an important one, and the authorities are not harmonious in regard thereto. It is, however, no longer an open one in this court. Substantially the same question was raised in the case of *Wolferman v. Bell*, *ante* p. 84, and we held that there was a presumption that an instrument in writing was in the same condition when signed that it was when offered in evidence, and that such presumption was not changed by the fact that the instrument showed upon its face that the original draft thereof had been changed."

In *Murray v. Peterson*, 6 Wash. 418, 33 Pac. 969, in referring to an alteration in a promissory note, we said:

"There is no question in this case of any presumption as to whether the alteration was made before or after delivery, for it is admitted that it was made after delivery. Nor do we understand that the rule is contended for by the appellants that a material alteration made in a written instrument, whether by a party or a stranger, avoids the instrument. At all events the whole trend of modern authority is opposed to this rule, for while there is no doubt that a willful and material alteration of a written instrument made by one of the parties to it, and without the authority of the other party, defeats any rights he would otherwise have under it, the rule that an alteration, although material, cannot invalidate a written instrument when made by a stranger to the contract is just as thoroughly established."

In this case, at least a part of the alteration was made by one of the makers before delivery. The instruments were delivered to the bank holding a prior mortgage, by that bank recorded, and forwarded through the mail to Mrs. Kate Gould. Conceding, as the court did, that the alteration was made by a stranger before delivery, whatever presumption there may be of invalidity of the note was clearly overcome under the rule in the cases above cited.

The appellant next contends that there could be no recovery in any event, because there is a fatal variance in the pleadings. The facts were all before the court. While the complaint alleged upon a note and mortgage for $900, the answer denied the making of such note, and alleged that the note had been materially altered. This was denied by the reply. The issues were tried out, and the court found that there had been an alteration in the note, but that it was without the knowledge or consent of the holder of the note and was made by a stranger. It was conceded by the appellant and her husband at the trial that they were indebted to the holder of the note for $750, and it is plain, we think, from these facts, that the court justly considered the pleadings amended to conform to the facts, and was authorized to enter a judgment accordingly.

It is lastly argued that the court erred in allowing interest upon the note. The record shows that $185 was paid upon the note, $150 was paid upon the original note, and some $35 thereafter paid. It is claimed by the appellant that the court erred in not allowing this sum as a payment upon the principal of $750. The principal note, according to its terms, bore interest from date. Whether this should be credited upon the principal of $900, or as interest thereon, we think is of no importance. The original note was for $900; it was renewed for $750; and the court found that the note should have been for $750. It seems, therefore, that the $150 was allowed upon the principal of the original note. The balance of $35 was properly chargeable upon the in-

terest upon the $750 note. The lower court only credited $30 of this amount upon the interest and allowed $5 upon the principal. This certainly was as much as the appellant could ask.

We have carefully read the entire record in the case and are satisfied that the judgment of the trial court was a just one.

It is therefore affirmed.

ELLIS, C. J., CHADWICK, MORRIS, and HOLCOMB, JJ., concur.