[No. 21579. Department One. May 22, 1929.]

I. F. LAUCKS, *as Executor, et al., Respondents,* v. HARTFORD FIRE INSURANCE COMPANY OF HARTFORD, *Appellant.*[1]

*James M. Bailey,* for appellant.

*Raymond D. Ogden* and *Will H. Fouts,* for respondents.

[1]Reported in 277 Pac. 834.

BEALS, J.—Plaintiffs, as executor and executrix, respectively, of the last will and testament of Viola A. Thompson, deceased, brought suit on two fire insurance policies written by defendant covering certain farm buildings near the city of Dayton, Washington. The policies covered several buildings, which were indicated and designated by descriptive names upon a diagram delivered to defendant's agent. In this diagram, some attempt was made to indicate the comparative size and shape of the buildings, which were also designated and numbered on a schedule which was a part of the two insurance policies and reads as follows:

"Fire insurance on Buildings. Hartford Fire Insurance Co.

Policy No. 360740

| Diagram No. | | Policy No. 373794 | Total |
|---|---|---|---|
| 2 Dwelling | $1,000.00 | $1,500.00 | $2,500.00 |
| 4 Large Barn | 500.00 | 500.00 | 1,000.00 |
| 5 Granary | 300.00 | 500.00 | 800.00 |
| 1 Machine shed | 200.00 | | 200.00 |
| 3 Tenant Dwg. | 500.00 | | 500.00 |
| | $2,500.00 | $2,500.00 | $5,000.00" |

July 20, 1924, while the policies were in force, a fire occurred and a building used as a horse barn was destroyed. Plaintiffs, claiming that the building burned was the building designated on the diagram as "granary" and referred to on the schedule above quoted as "No. 5 Granary," brought suit for $800, in which amount the building so designated on the diagram and schedule was insured.

Defendant contended that the building which was burned was not covered by the insurance policies; that there was another building on the premises which was, in fact, the granary, and that no liability existed under the policies by reason of the loss sustained.

It appears from the statement of facts that the following letters referring to the fire loss passed between the plaintiff I. F. Laucks and Daniel Frew, defendant's agent:

"Old Ben Coal Corporation
"Producers and Shippers of Franklin County Coal.
"1845 Illinois Merchants Bank Building Chicago.
"Waukegan, Ills., Aug. 13, 1924.
"Box 232
"In reply refer to

"Mr. Daniel Frew,
"411 Hoge Bldg. Annex,
"Seattle, Wash.
"Dear Sir:

"I have information from Dayton that building designated as No. 5 in diagram attached to Hartford Fire Insurance Co. Policy No. 360740, has been completely destroyed by fire. This on the Thompson ranch at Dayton, Wash.

"Will you please take steps to have adjustment made.

"Thanking you, I am yours truly,
"I. F. Laucks,
"Trustee.

(In lead pencil):     "360740     500.00
    "373794     500.00"

"New York Underwriters Agency
"Pacific Coast Department
"339-341 Sansome St.
"San Francisco, Cal.
"Telephone Kearny 4566.

"Seattle, Wash., August 16, 1924.

"Daniel Frew,
"Resident Agent,
"411 Hoge Bldg. Annex.
"Mr. I. F. Laucks,
"Box 232, Waukegan, Ill.
"Dear Sir:

"I received your letter of 13th inst. this morning reporting fire loss of barn on your farm near Dayton

and have today sent notice to my company, and will take steps to adjust the matter.

"Can you inform me on what date the loss occurred, the cause of the fire, the name of the tenant on the land, if the contents, if any, in the barn was destroyed and if the contents were ·covered by insurance, if so what was the name of the company, the location of the agency where the insurance on the contents was written and the name of the agent.

"In adjusting this loss, if the contents of the barn were insured by a local agent, we could possibly get him to make the adjustment on the barn· instead of having our special agent make a trip to Dayton.

"Please inform me when you will return to Seattle and give me any other information you may have .in reference to the burning of the barn, and oblige,

"Yours respectfully,

"Daniel Frew, Agent."

"Old Ben Coal Corporation.
"Producers and Shippers of Franklin County Coal.
"1845 Illinois Merchants Bank Building Chicago.
"Waukegan, Ills., Aug. 23, 1924.
"Box 232
"In reply refer to
"Mr. Daniel Frew, Agent
"New York Underwriters Agency,
"411 Hoge Bldg.,
"Seattle, Wash.

"Dear Sir:

"Replying to yours of Aug. 16, regarding fire loss on Thompson ranch at Dayton, Wash., the fire occurred on July 20th, 8:30 p. m. I am informed that the fire was probably caused by carelessness of some of the harvest hands, presumably from a cigarette.

"I understand that considerable of the contents were destroyed, but have no definite information on this point, nor do I know whether contents were insured by the tenant. They were not insured by us.

"I have written Mr. W. F. McCauley, the tenant on the ranch, and have asked him to notify you direct the name of the agent, in case he did carry insurance on the contents.

"Mr. J. L. Wallace of the Weatherford-Wallace Co. of Dayton, had previously had the insurance prior to our dealings with you, and you could probably get him to attend to the matter for you. He is thoroughly reliable, I believe, and is familiar with the ranch.

"My return to Seattle is still somewhat indefinite, but expect to be there some time this fall. If there is anything further I can do, please let me know.

"Yours truly,

"I. F. Laucks, Trustee."

In their complaint, plaintiffs alleged that they had made proof of loss under the policies to defendant's agent, which allegation was denied in the answer.

The action was tried to a jury, defendant moving for a directed verdict at the close of plaintiff's case, basing its motion principally upon the ground that plaintiffs had failed to prove the allegations of their complaint to the effect that proof of loss had been made, there having been no testimony on behalf of plaintiffs that any proof of loss was made, other than by the letters above quoted. Defendant's motion for a directed verdict was granted, and the verdict returned as so directed. Plaintiffs moved for a new trial, arguing, in support of their motion, among other matters, that the letters above referred to amounted in law to a waiver by defendant of formal proof of loss. The court entered an order granting the motion for a new trial, from which order defendant appeals.

Appellant assigns error upon the granting of the motion for a new trial, claiming that the alleged waiver of proof of loss, as disclosed by the letters between respondents and appellant's agent, was not properly an issue which could be considered by the trial court, respondents not having pleaded any waiver on the part of appellant of the presentation of formal proof of loss, and not having argued, on appellant's

motion for a directed verdict, that the evidence showed any such waiver.

At the time respondents' counsel offered in evidence the letters concerning the fire, appellant's counsel inquired as to the purpose for which the letters were offered, to which respondents' counsel answered:

"Shows the company's notice of this fire, and that the adjuster went out to adjust the loss, it being admitted that the adjuster went out."

To which appellant's counsel replied that there was no objection to the admission of the letters

". . . on the ground they gave notice to the company, but we do object for any other purpose. They gave notice and the company acknowledged notice of the claim."

The letters were thereupon received in evidence, and appellant contends that, because of the statement made by respondents' counsel as to the purpose for which the letters were offered, the court could not, in passing upon respondents' motion for a new trial, consider the letters in connection with the argument then advanced by counsel for respondents to the effect that the evidence showed a waiver by appellant of formal proof of loss. If the letters do show, as matter of law, a waiver by appellant of the necessity for the making of formal proof of loss on the part of respondents, the trial court was correct in considering them in passing upon respondents' motion for a new trial. If the evidence at one time showed such a waiver, it shows it at all times, and appellant was in just as good a position to argue, at the hearing on the motion for a new trial, that these letters showed no waiver of proof of loss, as it was at the time the letters were offered in evidence, had they then been offered to show such waiver.

Appellant was free at all times to argue to the trial court concerning its contentions as to the meaning, intent and legal effect of the letters, and appellant has argued those questions to this court. The mere fact that the letters were admitted to show that appellant had notice of the fire, does not limit their effect under the circumstances shown by this record, if, as a matter of fact, in law they show something else as well. Had the trial court refused to receive the letters in evidence, and had respondents made them a part of the record as identified offers, the trial court could still have considered them in passing upon respondents' motion for a new trial, and should properly have granted the motion if convinced that error had been committed in refusing to admit the letters in evidence and that, as a matter of fact, they showed that a right to recover judgment existed in favor of the party moving for a new trial.

Paragraphs 2, 8 and 9 of Rule III of rules of pleading, procedure and practice, adopted by this court January 14, 1927, read as follows:

"(2) The court, upon motion, at any stage of an action, may order or give leave to either party to alter or amend any pleading, process, affidavit or other document in the cause, to the end that the real matter in dispute, and all matters in the action in dispute, between the parties may be completely determined as far as possible in a single proceeding. But the order or leave shall be refused if it appears to the court (a) that the motion was made with intent to delay the action, or (b) that the motion was occasioned by lack of diligence on the part of the moving party and the granting of the motion would unduly delay the action or embarrass any other party, or (c) that, for any other reason, the granting of the motion would be unjust."

"(8) Any amendment may be ordered to be made in a summary manner at the trial if the adverse party

will not thereby be prejudiced in the conduct of his case.''

''(9) At any time after trial, whether before or after judgment, the trial or appellate court may allow or make any amendment necessary to make a pleading conform to the proof, so far as may be just.'' Rem. 1927 Sup., § 308-3.

These rules indicate that amendments are to be allowed with the greatest liberality, it being provided that an amendment to make a pleading conform to the proof may even be allowed for the first time in this court. These rules were in force at the time of the trial of this action, and the trial court was clearly correct in holding that, on the hearing on the motion for a new trial, it could consider the question of whether or not evidence had been introduced which would support a finding of waiver by appellant of the making of formal proof of loss.

█ Passing to the merits, it may be conceded that the letters written by respondent I. F. Laucks did not constitute the formal proof of loss required by law under the policies sued upon. We do hold, however, that appellant is estopped by the letter of its agent, above quoted, taken in connection with the two letters written by respondent I. F. Laucks, from urging as a defense the failure of respondents to make the formal proof of loss which it is now contended should have been filed. In his letter of August 23, 1924, Mr. Laucks answers the questions asked by appellant's agent in his letter of August 16, in which the agent stated that he ''will take steps to adjust the matter.'' Mr. Laucks also stated that he expected to return to Seattle some time during the fall, and closed with the sentence, ''If there is anything further I can do, please let me know.'' It does not appear that any answer was written to this letter, and we think, from the evidence now before

us, it appears that appellant is estopped from basing any defense to this action upon the lack of any more formal proof of loss.

This position is supported by the recent opinion of this court in the case of *Bowden v. General Insurance Co., of America, ante* p. 199, 277 Pac. 443, in which many decisions of this court supporting this view are cited.

Without, of course, passing upon the merits of the case other than to hold that the record now before us shows facts sufficient to warrant a holding that, as matter of law, appellant waived the requirement that formal proof of loss be filed, we conclude that the record discloses no cause for reversing the order of the trial court granting respondents' motion for a new trial and the same is affirmed. On remand, the parties may, of course, amend their pleadings as they desire.

MITCHELL, C. J., FULLERTON, TOLMAN, and HOLCOMB, JJ., concur.