[No. 24214.    Department One.    January 12, 1933.]

Louis Alexiou *et al., Respondents,* v. Louis Nockas, *Appellant.*[1]

[1]Reported in 17 P. (2d) 911.

*L. B. Schwellenbach,* for appellant.

*C. D. Liliopoulos,* for respondents.

MILLARD, J.—Defendant has appealed from judgment upon verdicts in favor of plaintiffs in three personal injury actions which were consolidated for trial and have been consolidated on appeal.

The actions were based upon an accident which occurred approximately one mile west of Lacey on the Pacific highway, about noon of June 28, 1931. All of the parties, who were en route from Seattle to a picnic at Chehalis, were riding, at the time of the accident, in a Studebaker sedan owned and operated by appellant. Respondent George Nockas, appellant's brother and guest, was seated to the appellant's right in the front seat. Respondent Raptis and the respondent Alexiou family (husband, wife and minor child) were in the rear seat. Appellant, while traveling at an unlawful rate of speed (in one action alleged to be approximately forty-five miles an hour, and in the other two actions alleged to be approximately fifty miles an hour), lost control of his automobile immediately after he rounded a curve just prior to the accident. His automobile swerved off the road, hit a telephone pole, was forced into reverse and then backed up a considerable distance and hit a second pole. The jury found, as the respondents alleged, that the proximate cause of the accident was the gross negligence of appellant.

"That about noon of the said date the defendant, while driving on the paved highway near Olympia, negligently and carelessly went off the pavement of said road and while on the parking strip, consisting of solidly packed road wide enough and almost level with the paved way, with gross negligence and carelessness steered his said automobile to his right and off the parking strip and struck violently against a power pole on the edge of said strip; that he there-

upon reversed the gear of his car and moved with high velocity backwards without control, resulting in his striking with the rear against another pole within a short distance from the first mentioned. That the defendant was at the time of the said acts driving at a high and dangerous rate of speed, to-wit, approximately forty-five miles per hour.''

The relationship of appellant and his respondent brother was that of host and guest. There was the relationship of joint adventurers as between the appellant and the other respondents, by virtue of an agreement under which the expenses of the journey and the picnic were to be borne by those respondents and the appellant.

While the complaint did not allege continuing negligence, the affirmative evidence—there was no objection to that evidence—adduced by respondents tended to show that, from the beginning of the journey continuously to the time of the accident, which was doubtless caused by the speed of the car, the appellant drove his automobile at an unlawful speed (often approximately sixty-five miles an hour), occupied the middle of the pavement, and did not stop at intersections as required by the rule of the road.

Although all of the respondents realized that the speed was unlawful and dangerous, only one mild protest was registered during the mad career of the automobile. When the automobile was near American Lake, Mr. Alexiou learned, upon asking appellant, that the car was traveling sixty-five miles an hour. Alexiou told the appellant the car was going very fast, and requested that the speed be slackened. For a brief space, the speed was decreased, and immediately thereafter appellant proceeded, and continued to the time of the accident, to drive the automobile at an unlawful rate of speed. No further protests were made, the excuses be-

ing that the respondents did not like to interfere with the driver of his own automobile, and that they did not get out when a stop was made at Tacoma "because it was too far to walk."

Counsel for appellant contend that the judgment should be reversed and the cause dismissed as to all of the respondents, except the minor Alexiou, in view of the respondents' acquiescence in the method of the operation of the automobile; or, that appellant is entitled to a new trial because of the refusal of the court to instruct the jury on this issue.

At the conclusion of respondents' case, appellant challenged the sufficiency of the evidence, and moved for a judgment of dismissal on the ground that respondents' affirmative evidence disclosed a continuation of negligent operation without objection or protest on the part of respondents. The motion was denied. The court also refused to charge the jury, as appellant requested, that,

". . . with the exception of the minor child, John Alexiou, who because of tender years cannot be charged with contributory negligence, that if you find the accident in this case was the natural and proximate result of the defendant's excessive speed and reckless driving that such manner of driving had existed and continued prior to the time and place of the accident for a sufficient length of time to afford opportunity of protest or of leaving the car; that plaintiffs observed defendant's manner of driving or in the exercise of ordinary care for their own safety should have so observed, and you find that under the same or similar circumstances a reasonably prudent and cautious man in the exercise of ordinary care would have made some effort to secure the proper operation of the car or, given opportunity, left it, and you further find that plaintiffs made no protest as to the method of operation of the car or given opportunity did not leave it, then I instruct you that plaintiffs were guilty of

contributory negligence which would bar any recovery in this case.''

Meeting the contention of respondents' counsel that, not having pleaded that defense, appellant could not raise the question of contributory negligence, appellant offered to amend the pleadings to conform to the proof and set up the acquiescence of the respondents in the method of operation of the automobile. Appellant's request was denied.

Any question as to the gross negligence of the appellant is foreclosed by the jury's verdict, which is amply sustained by the evidence. In the case of a joint enterprise, the rule of ordinary negligence applies. *O'Brien v. Woldson,* 149 Wash. 192, 270 Pac. 304, 62 A. L. R. 436. The members of a joint enterprise owe to each other the duty of exercising ordinary care; that is to say, where the joint adventure relationship exists, the driver of the automobile is required to exercise ordinary care, and his co-adventurers riding with him are also required to exercise ordinary care. We said in *Rosenstrom v. North Bend Stage Line,* 154 Wash. 57, 280 Pac. 932, that

''Necessarily, the agreement presupposes that each of the parties has an equal right to a voice in the manner of its performance, and an equal right of control over the agencies used in its performance.''

We did not mean, however, that a driver's co-adventurers are expected to control the operation of the car or interfere with its movements. The driver's co-adventurers must exercise ordinary care, and cannot trust themselves entirely to the care of the driver, placing absolute reliance upon his caution. As we said in *White v. Stanley,* 169 Wash. 342, 13 P. (2d) 457:

''Whether one exercises ordinary care, depends upon whether he acted as a reasonably prudent person would under like or similar circumstances.''

While the respondents should have protested against the continuous operation of the car at an unlawful speed, we cannot say, as a matter of law, that their failure to act other than they did constituted such negligence as to bar recovery. They could not endeavor to take the wheel away from the driver. That would have been as likely to result in a wreck as to remain quiet. The excessive speed which aroused their apprehensions was subsequent to their departure. True, the speed was unlawful prior to arrival at Tacoma, where they briefly stopped, but apparently, like other occupants of an automobile, though they knew the car was traveling rapidly, they did not know at what speed it was traveling and were not alarmed for their safety. Whether they should have known the danger and whether they should have departed from the automobile at Tacoma, were questions which should have been submitted to the jury under appropriate instructions. No stops were made, after their departure from Tacoma, which would enable them to leave the car before the accident occurred. Whether the respondents, as guests or as co-adventurers, acted as a reasonably prudent person would act under like or similar circumstances, was a question which should have been submitted to the jury.

"But the rule the instruction invokes is not rested on any principle of duty owing from the owner of the vehicle to the person carried. It is rested on the principle on which the doctrine of contributory negligence rests, the principle that no person is ever absolved from exercising reasonable and ordinary care for his own safety. . . . if the automobile be driven at a speed dangerous under all circumstances, or dangerous under the particular circumstances, and the passenger had an opportunity to warn or protest against the speed and failed so to do, clearly he could not recover against the owner for an injury resulting from the excessive speed. His conduct under the cir-

cumstances must be that of a reasonably prudent person, and it is not reasonable prudence for one to remain passive while another negligently subjects him to an unnecessary danger when an opportunity to act is present. This is not to say that the passenger must protest against every act of the driver that he deems incautious or imprudent. There are degrees in this as there are in every form of negligence. Instances can arise where the court can say that the failure to act was negligence as matter of law, and others again where it can say that the failure to act was not negligence; and between the extremes there is the usual twilight zone wherein reasonable minds might reasonably differ as to the fact. In these latter instances, it is the duty of the court to submit the question of negligence of the passenger to the triers of the fact." *Garrow v. Seattle Taxicab Co.*, 135 Wash. 630, 238 Pac. 623, 45 A. L. R. 293.

Under the general rule, the instructions must be confined to the issues and the evidence in support thereof, as made by the pleadings in the cause; and

"A party to a suit is entitled to have instructions given at his request presenting his theory of the case, based on the pleadings and proofs." 14 R. C. L. 799, § 58.

The appellant did not plead contributory negligence as an affirmative defense. However, there was testimony on the part of the respondents tending to show that their want of ordinary care was the proximate cause of the injuries for which they sought compensation. While contributory negligence is an affirmative defense which must be pleaded and proved, the absence of that plea does not warrant the court in refusing to submit to the jury the question of the negligence of the plaintiff as the proximate cause of the injury when the evidence introduced by the plaintiff tends to establish such defense.

" 'Generally contributory negligence is a matter of defense, and must be alleged and proven by the defendant; but where the testimony on the part of the plaintiff, who seeks to recover damages for injuries resulting from negligence, shows conclusively that his own negligence or want of ordinary care was the proximate cause of the injury, he will not be permitted to recover, even though the answer contains no averment of contributory negligence.' And it is the general rule that the want of a plea of contributory negligence will not preclude the trial court from awarding nonsuit, when the evidence introduced by the plaintiff establishes a defense so conclusive in this respect that the court will grant a new trial in case of a verdict in his favor upon like evidence.

"If this be true, then we see no inconsistency in the court submitting to the jury questions of fact which, if established as facts, would preclude the plaintiff from recovering." *Brown v. Oregon R. & Nav. Co.,* 41 Wash. 688, 84 Pac. 400.

The trial court should have permitted the appellant· to amend his answer to conform to the proof (respondents' evidence introduced without objection) tending to show that respondents' failure to exercise the required degree of care was the proximate cause of respondents' injuries. Had that been done, as the rule (Rem. Rev. Stat., § 308-3) requires, the requested instruction would have been based on the *pleadings* and proofs.

"'These rules indicate that amendments are to be allowed with the greatest liberality, it being provided that an amendment to make a pleading conform to the proof may even be allowed for the first time in this court." *Laucks v. Hartford Fire Ins. Co.,* 152 Wash. 241, 277 Pac. 834.

The court's refusal to instruct the jury as appellant requested entitles the appellant to a new trial.

The examination of the jurors by respondents' counsel constituted reversible error. We can not coun-

tenance such inappreciation of the ethics as counsel manifested. The purpose of his questions was, patently, to inform the jury that the loss would fall upon an insurance company instead of the appellant. If not, why the continued inquiry of a heating contractor, an architect, a druggist, a printer, and others—after the court suggested that the matter should not be pressed unduly—as to the interest such prospective juror might have, as stockholder or otherwise, in any insurance or indemnity company? Such questioning was particularly vicious in view of the fact that one of the respondents was the appellant's brother and the other respondents were close friends of the appellant.

The judgment is reversed, and the cause remanded with direction to grant a new trial.

TOLMAN, MITCHELL, and STEINERT, JJ., concur.

PARKER, J. (dissenting in part)—I concur in the foregoing opinion except as to the last discussed matter.