[No. 24294. Department Two. March 7, 1933.]

ALVA WIXSON, *Appellant,* v. MORRIS WIXSON, *Respondent.*[1]

*Kelly & MacMahon,* for appellant.

*James E. Sareault,* for respondent.

MAIN, J.—By this action, the plaintiff sought a divorce from her husband. The defendant, by cross-com-

[1]Reported in 19 P. (2d) 912.

plaint, asked that he be given the decree. The trial resulted in findings of fact from which the court concluded that the defendant was entitled to a divorce. An interlocutory decree, which fixed the alimony, awarded the custody of the child to the plaintiff, and divided the property, was entered in accordance with the findings and conclusions, from which the plaintiff appeals.

The facts are these: The appellant and the respondent intermarried on or about November 1, 1919. As the result of this marriage, there was one child, who, at the time of the trial, was ten months of age. The parties owned a small farm in Lewis county consisting of about thirty acres, of which approximately seven acres were cleared. Upon the property were a house and a barn. In addition to this, they owned twelve head of livestock, some farm machinery and household furniture. The real estate was covered by a mortgage to the extent of $750. The taxes for the last half of the year 1930 and the succeeding year had not been paid. The respondent engaged in such employment as he could secure, and, when not employed, devoted his time to improving the farm. The trial court, in the interlocutory decree, gave the farm to the respondent, fixed the alimony award to the appellant for the support of herself and child at the sum of twenty dollars per month, and made the same a lien upon the farm. The support money was to be paid during the time that the infant child remained with the appellant and only during the time that she remained within the jurisdiction of the court. The respondent was required to pay the costs of the action and an attorney's fee in the sum of seventy-five dollars.

As stated, the trial court gave the interlocutory decree to the respondent, and of this the appellant complains, and argues that, under the evidence, she was

entitled to the decree. The evidence upon the question as to which of the parties was entitled to the decree was directly in conflict. If the testimony of the appellant and her witnesses correctly presented the facts and characterized the conduct of the respondent, then she had ample grounds for a divorce. On the other hand, if the respondent and his witnesses are to be believed, he was entitled to the decree. The trial judge had before him the parties and their respective witnesses, and was in a much better position to weigh the testimony and determine wherein the fault lay which caused the disruption of the family relations between the parties, than are we.

It would serve no useful purpose to review in detail the evidence which the respective parties produced, and, after so reviewing the same, arrive at a conclusion based thereon. It is sufficient to say that, after giving attentive consideration to all of the evidence, we are of the view that the trial court correctly found the facts and rightly concluded that the respondent was entitled to the interlocutory decree.

The appellant complains of the division of the property and the alimony. As above stated, the farm was awarded to the respondent; the appellant was given twenty dollars per month alimony, which was made a lien thereon, and it was further provided that the appellant should have one-half of the value of the livestock when sold, or its value otherwise ascertained. The farm had been acquired some years before for the sum of $1,600, but subsequent to that time a house and barn had been erected thereon, and, as stated, it was subject to a mortgage the balance of which was $750.

The farm was acquired prior to the year 1929, and it does not clearly appear what its value was at the time of the trial. If, however, its value followed the

trend of property values the last few years, it would not appear that there was a very wide margin between its present value and the amount of the mortgage. Taking into consideration the farm, with the mortgage thereon, and the provisions which are made for the appellant, we are of the opinion that the trial court's adjudication of the property rights and the fixing of the alimony were fair and just and should not be disturbed.

Some complaint is made of the provision of the decree which awards the child to the appellant until the further order of the court. Even though the child had been awarded to the appellant without limitation, it would, as has been frequently said, be continually subject to the jurisdiction of the court, and, in determining which of the parties should have its custody, the welfare of the child is the paramount consideration. We see no objection to the decree in this regard.

Some contention is made that the farm was the separate property of the appellant and not the community property of the parties. But with this contention we are unable to agree. Even though the title stood in the name of the appellant, we think the evidence clearly shows that it was the community property of the parties. After reading all of the evidence with care and giving consideration thereto, we are of the opinion that the trial court did not err in any of the particulars complained of by the appellant.

The appellant shall recover her costs in this court.

The judgment will be affirmed.

BEALS, C. J., TOLMAN, STEINERT, and BLAKE, JJ., concur.