[No. 26821. Department One. December 21, 1937.]

GEORGE KEISEL, *Respondent,* v. BEN BREDICK *et al.,*
*Appellants.*[1]

[1]Reported in 74 P. (2d) 473.

*Ralph S. Pierce, Edwin J. Cummins,* and *Gordon H. Sweany,* for appellants.

*Welts & Welts* and *Ray Greenwood,* for respondent.

MAIN, J.—This action was brought to recover damages for personal injuries arising out of an automobile accident. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiff in the sum of $4,973. The defendants moved for a judgment notwithstanding the verdict and, in the alternative, for a new trial, both of which motions were overruled, and from the judgment entered upon the verdict, they appeal.

The facts which are essential to be stated, and which the jury had a right to find from the evidence offered, may be summarized as follows: About a month prior to Labor Day in 1936, eleven men, employed by the Federal government at the Bremerton navy yard, in Kitsap county, were sent to Tatoosh island for the purpose of doing some work there on a building owned by the Federal government. Tatoosh island is sixteen miles from Neah bay, in Clallam county, and is reached by a boat from the latter place.

The men worked as a unit, and, sometime before Labor Day, they, living in a bunkhouse together, discussed the matter of returning to their homes for that week-end. They did not work on Saturdays, and their overtime had given them the right to another day off. The bus fare from Neah bay to Bremerton and return would amount to fifteen or sixteen dollars for each. After some discussion, it was concluded that Ben Bredick, one of the appellants, who will be referred to as though he were the only party on that side of the controversy, and one of the other men, would have their automobiles brought to Neah bay and the men could ride with them to Bremerton and return. There

was no arrangement as to what particular men were to ride in either of the automobiles.

It was understood that the owners of the automobiles would pay the expense of the transportation, and, after their return to the island, that expense would be divided among those who rode in the particular car. In crossing from the island to Neah bay, they hired a boat, and each one of the men contributed his proportionate share after they returned to the island. The respondent having been seriously injured and not returning, others made up his proportion.

A daughter of the appellant met them at Neah bay, and they left there on Friday evening, the appellant doing the driving most of the way and the respondent a part of the way. They were to return on Monday and left Bremerton early in the morning, which was Labor Day. There were in the car the appellant, his daughter, the young man whom she subsequently married, the respondent, and three of the men from the island. After they left Bremerton, while traveling over an arterial highway at an admitted speed of fifty miles per hour, and approaching an obstructed intersection where a county road entered, the automobile, driven at the time by the daughter, collided with an automobile coming out of the side road, and the respondent suffered severe injuries, for which this action was brought and resulted as above indicated.

The theory of the action was that the parties were engaged in a joint adventure. The appellant's principal contention appears to be that the relation between the respondent and the appellant was that of host and guest, and, therefore, the motion for judgment notwithstanding the verdict should have been granted.

To constitute a joint adventure, there must be an agreement to enter into an undertaking in the objects

of which the parties have a community of interest and in the performance of which they have a common purpose, and each of the parties must have an equal right to a voice in the manner of its performance and an equal right of control over the agencies used in its performance, although one may entrust the performance to the other or others. *Rosenstrom v. North Bend Stage Line*, 154 Wash. 57, 280 Pac. 932; *Bates v. Tirk*, 177 Wash. 286, 31 P. (2d) 525.

In this case, from the evidence, the jury had a right to find that an agreement was made, and it was completed when the respective parties got in the cars at Neah bay. The object was to return to the city of Bremerton from which they had come some weeks before, in order that they might spend the week-end at their respective homes, and the common purpose was to go at the minimum of expense instead of each man paying approximately fifteen dollars bus fare for the round trip.

While one of the elements entering into the relation of joint adventure, as stated, is that each of the parties must have an equal right to a voice in the manner of its performance and an equal right of control over the agencies used in that performance, this does not mean that an automobile driver's co-adventurers are expected to control the operations of the vehicle or interfere with its movements. *Alexiou v. Nockas*, 171 Wash. 369, 17 P. (2d) 911; *DeNune v. Tibbitts, ante* p. 279, 73 P. (2d) 521.

It cannot be held in this case, as a matter of law, that there was no joint adventure. To do so, would mean to depart from the cases of *White v. Stanley*, 169 Wash. 342, 13 P. (2d) 457, *Alexiou v. Nockas*, 171 Wash. 369, 17 P. (2d) 911, and *Forman v. Shields*, 183 Wash. 333, 48 P. (2d) 599, and a large number

of other cases, all of which we think were correctly decided.

Upon the trial, the evidence as to what conversation took place between the men on Tatoosh island before they left as to their arrangements for the trip was objected to because the complaint had alleged a joint adventure between the men that rode in the appellant's car. The objection to this testimony was not well taken. It was admissible, necessarily, to an understanding as to what the arrangement was, which, as stated, was not completed until the parties got in the respective cars at Neah bay. All facts are admissible in evidence which afford reasonable inferences or throw any light upon the contested matter. Relevancy means the logical relation between proposed evidence and the fact to be established. 10 R. C. L. 925.

The court instructed the jury in two instructions with reference to whether there was a joint adventure as between the appellant and respondent, and it is claimed that these instructions were erroneous because not within the issues made by the pleadings. The testimony on this matter, upon which the instructions were based, was in the case without objection, and, even if it had been received over objection, the complaint would be considered amended to conform to the proof "so far as may be just." *Laucks v. Hartford Fire Ins. Co.,* 152 Wash. 241, 277 Pac. 834. There was no claim of surprise in the case now before us when the testimony was offered, and there was no request for a continuance. The giving of the instructions was not error. *Potter v. Jaurez,* 189 Wash. 476, 66 P. (2d) 290.

It is further contended that the court erred in giving instruction No. 5 on the matter of speed of the appellant's automobile at the time of the accident.

In this instruction, the statutory law upon the subject, as found in Rem. Rev. Stat., § 6362-3 [P. C. § 196-3], subd. (b) 2, was quoted. There was not, however, in that instruction any question submitted to the jury. In the following instruction, No. 6, the jury were instructed that the violation of the state law was evidence of negligence, and submitted the question of speed to the jury.

Instruction No. 5 is set out in full in the appellant's brief, as required by Rule of Court VIII, par. 2, 159 Wash. xliii. *State v. Jones,* 188 Wash. 275, 62 P. (2d) 44; *State v. Hussey,* 188 Wash. 454, 62 P. (2d) 1350. Instruction No. 6 was not set out in appellant's brief, and for this reason is not here for review.

The mere fact that instruction No. 5 quotes the statutory law and does not submit an issue to the jury furnishes no basis for the claimed error. *Gabrielsen v. Seattle,* 150 Wash. 157, 272 Pac. 723, 63 A. L. R. 200; *Stokes v. Magnolia Milling Co.,* 165 Wash. 311, 5 P. (2d) 339.

The judgment will be affirmed.

STEINERT, C. J., HOLCOMB, GERAGHTY, and SIMPSON, JJ., concur.