[No. 26743. Department One. December 23, 1937.]

ALINE WEAVER FLAGG, *Respondent and Cross-appellant,*
v. DONALD H. FLAGG, *Appellant.*[1]

*Frank C. Owings,* for appellant.

*Hayden, Metzger & Blair,* for respondent and cross-appellant.

[1]Reported in 74 P. (2d) 189.

STEINERT, C. J.—Aline Weaver Flagg and Donald H. Flagg are husband and wife. At the time of their marriage, July 10, 1926, Mrs. Flagg was twenty-two years of age and Mr. Flagg was thirty. They have one child, an infant daughter born in June, 1933. Their community property is valued at about five thousand dollars. Mr. Flagg has separate property of the value of about ten thousand dollars.

In this action, each of the parties is seeking a divorce from the other, the custody of the minor child, and the adjudication of their property rights. From an interlocutory decree adjudicating all questions presented by the issues in the case, each has appealed.

For convenience, we shall refer to Mrs. Flagg as though she were merely respondent herein and to Mr. Flagg as though he were the sole appellant.

An analysis of the pleadings and a recitation of the procedural steps taken in the case will serve as an adequate statement of the facts so far as our immediate needs are concerned.

On September 22, 1936, respondent instituted this action for divorce from appellant on the grounds of cruelty and nonsupport. In her complaint, she alleged, among other things, her fitness to have the custody of the minor child, and prayed that it be awarded to her. She also asked for an adjudication of the property rights of the parties.

On October 13, 1936, appellant answered the complaint by general denial, with no affirmative allegations except one to the effect that he was a fit and proper person to have the care, custody, and control of the child. The prayer of the answer asked that respondent's complaint be dismissed or, if a divorce should be granted, that the custody of the child be awarded to him.

With the issues so framed, the cause was set down

on October 24, 1936, for trial on December 4th following.

On November 17, 1936, respondent filed an amended complaint, which assigned, as grounds of divorce, nonsupport and cruel treatment in several specific respects and, in reliance thereon, renewed her prayer for relief.

On December 4th, when the case was called for trial, appellant moved for a continuance on the ground of the absence of a material witness upon whom subpoena had previously been served. Respondent's counsel objected to the continuance and also demanded a statement of what the witness would testify if personally present. Appellant's counsel then made a statement concerning the expected testimony, the substance of which purported to disprove that respondent was a fit and proper person to have the care, custody, and control of the minor child.

The court thereupon announced that it would not permit the introduction of such evidence upon appellant's general denial, but only upon an affirmative charge in a formal pleading setting forth a ground of divorce. Appellant then asked leave to amend his answer and thus conform to the court's ruling. The court at first indicated that such leave would. be granted, but, upon objection by respondent, denied both the motion for continuance and the motion for leave to amend.

The trial then proceeded upon the issues already framed and as limited by the court's ruling. Respondent having concluded her evidence, except for the examination of appellant as to the property and property rights, appellant consumed the rest of the day in introducing his evidence, but did not finish his case by the time of adjournment. Owing to the state of its

calendar, the court adjourned the hearing until December 9th.

On December 8th, appellant served upon respondent's counsel an amended answer and cross-complaint setting up, in an affirmative way and as a ground for divorce from respondent, the matter which he had theretofore intended to offer under his general denial.

When the trial was resumed on December 9th, appellant presented a motion, supported by affidavit, asking leave to file his amended pleading. The motion was granted, and appellant thereupon filed his amended answer and cross-complaint, wherein, upon his affirmative allegations, he asked for a divorce from respondent, the custody of the minor child, and the award to himself of all the property, both community and separate. Respondent then moved for, and was granted, a continuance of the trial to December 28th in order to meet the new issue thus presented. In due time, respondent filed her reply, putting in issue the affirmative allegations of the cross-complaint.

The trial was resumed on December 28th and proceeded to its conclusion on all the issues then made by the pleadings.

The court, after taking the cause under advisement, rendered a written memorandum decision on January 9, 1937, stating therein that respondent's evidence was insufficient to establish any of the grounds of divorce as alleged in her complaint and announcing that a divorce would be granted to appellant on the charge contained in his cross-complaint; further, that the minor child would be awarded to the appellant father, with the right in the respondent mother to have the child two days each month and for one month during the summer. In the memorandum decision, the court further directed appellant to pay to respondent the sum of two thousand dollars cash, also an attor-

ney's fee of three hundred dollars and certain outstanding bills. All of the property, excepting the wife's personal effects and a few special articles, was awarded to appellant.

Thereafter, on motion of respondent, the cause was reargued, and the court again took the matter under advisement. On February 16, 1937, the court rendered a second, or supplemental, written decision in which it was again stated that respondent's evidence failed to substantiate any of her alleged grounds of divorce. The court stated, however, that, after further reflection, it had concluded that appellant's ground of divorce as alleged in the cross-complaint had not been established by that degree of proof which the law required. Nevertheless, the court, at the same time, held that appellant had made out a case for divorce from respondent on the ground of cruelty, although it had not been specifically pleaded.

Under the modified decision, the custody of the minor child was awarded to the respondent mother, with the right to the appellant father to have the child two days each month and one month during the summer. This, it will be noted, was the converse of the award of the custody of the child in the prior decision. The former money award to respondent was increased from two thousand dollars to twenty-five hundred dollars, and an award giving certain enumerated articles to respondent was also made.

Pursuant to the supplemental decision, findings, conclusions, and an interlocutory decree were entered. As already indicated, both parties are dissatisfied with the decree and have appealed.

As may be inferred, the appeal covers three subjects: (1) The right to a divorce, (2) the custody of the minor child, and (3) the division of property.

The statement of facts comprises four hundred

twenty-seven pages. Twenty-six witnesses testified, portraying in detail the intimate facts and circumstances connected with the married life of respondent and appellant. Manifestly, it would be practically impossible, within the limits of this opinion, to give even a fair resume of their testimony. But were it possible adequately to do so, it would be a wholly profitless task, for it would be merely the recital of a marital history that is of no concern to anyone except the immediate parties to this suit.

Having carefully read and considered the record, we think it not only sufficient, but also proper, that we simply state our conclusions in the case, with particular mention of such matters only as call for special consideration.

Upon the question of the right to a divorce, which is presented by respondent's cross-appeal, we agree with the trial court that respondent's evidence was insufficient to establish nonsupport. But we think that her evidence was sufficient to establish cruelty as alleged in her complaint. However, in that respect we also believe from our study of the record that the fault does not lie wholly upon appellant, and that respondent is partly to blame for the condition now existing. We shall again advert to this phase of the matter a little later.

Respondent also contends that, aside from the grounds of divorce assigned by her in her complaint, she is entitled to a decree because of the unfounded and unproven charge made by appellant in his cross-complaint. The circumstances under which that charge was made have already been stated. Appellant was not desirous of obtaining a divorce, nor did he ask for one until compelled to do so by the previous ruling by which the court prevented him from introducing certain evidence under his general denial. We are

satisfied that the evidence so offered was admissible under appellant's original answer and should have been received. While its credibility and weight were to be determined by the court, its admissibility was certain under fixed rules of law.

The evidence was positive, and while, in our opinion, it was clearly not sufficient to establish appellant's belated cause of cross-complaint, it was entitled to consideration upon the issues already before the court. We are mindful of the decisions of this court to the effect that, under certain circumstances, a malicious and unfounded charge in a complaint may be sufficient to constitute independent cruelty and afford a ground of divorce, but the circumstances under which the charge was made in the cross-complaint do not bring this case within the controlling effect of those decisions, for the charge was not made maliciously nor upon wholly unreasonable grounds.

Respondent further contends that the decree awarding appellant a divorce is wholly without foundation, either in pleading or in fact.

It is true that the cross-complaint did not specifically allege cruelty as a ground of divorce. However, it is well settled in this jurisdiction that pleadings are to be considered as amended to conform to the proof when the facts are properly before the court or the evidence has been admitted without objection. *Gould v. Gould,* 99 Wash. 204, 169 Pac. 324; *Laucks v. Hartford Fire Ins. Co.,* 152 Wash. 241, 277 Pac. 834; *Alexiou v. Nockas,* 171 Wash. 369, 17 P. (2d) 911; *Cole v. Utley,* 188 Wash. 667, 63 P. (2d) 473.

It must be conceded, from the standpoint of fact, that appellant did not make out a very strong case of cruelty on the part of respondent. While we are not prepared to say that the court's finding in that respect is not supported by the evidence, we can, and do, say

686

that appellant, like respondent, is not wholly without fault.

■ The situation, according to the evidence as a whole, is one where both parties are mutually responsible for a condition which has resulted in an estrangement and made it impossible for them longer to live together as husband and wife. We are of the opinion that both parties have been guilty of cruelty within the meaning of the statute, and that both, therefore, are entitled to a divorce.

■ Proceeding, next, to the question of the custody of the minor child, we see no reason whatever for disturbing the decree in that respect.

In cases of this kind, the controlling consideration is the welfare of the child. *Pierce v. Pierce,* 52 Wash. 679, 101 Pac. 358; *Wingard v. Wingard,* 56 Wash. 354, 105 Pac. 833; *Smith v. Frates,* 107 Wash. 13, 180 Pac. 880; *McClain v. McClain,* 115 Wash. 237, 197 Pac. 5, 202 Pac. 173; *Loomis v. Loomis,* 144 Wash. 116, 256 Pac. 1032; *Broesch v. Broesch,* 159 Wash. 409, 293 Pac. 464; *Wixson v. Wixson,* 172 Wash. 151, 19 P. (2d) 912; *Ostrander v. Ostrander,* 176 Wash. 669, 30 P. (2d) 658; *Pressey v. Pressey,* 184 Wash. 191, 50 P. (2d) 891; *Ayers v. Ayers,* 188 Wash. 540, 62 P. (2d) 1358.

Having that principle in mind, the court made what we think was a just and proper decree awarding the custody of the child to the mother, but giving the right to the father to have the child during certain prescribed periods.

■ Finally, there is the matter of division of property and the settlement of property rights. We have given this phase of the case careful consideration in the light of what has already been determined. Without going into details, we believe that it is for the best interests of both parties that the settlement of all property rights and claims between them should not only

be complete and adequate, but final as well, so that each may henceforth be independent of the other. We believe that, under the circumstances, settlement in one lump sum, measured by the total amount of property involved and the respective financial abilities and prospects of the parties, is preferable to a partial lump sum augmented by a continuing monthly alimony. Upon this view of the matter we have concluded that there should be awarded to respondent the sum of five thousand dollars in cash and thirty dollars a month for the support of the minor child, but no monthly alimony.

The decree will be so modified as to grant both of the parties a divorce on the ground of cruelty, increase the lump-sum payment from twenty-five hundred dollars to five thousand dollars, and reduce the monthly amount from sixty dollars to thirty dollars, which latter amount will be for the support of the child. In all other respects the decree will be affirmed. Each party shall pay his or her own costs on this appeal.

MAIN, HOLCOMB, BLAKE, and SIMPSON, JJ., concur.